EDWARD STRECKER, Respondent, v. DOUGLAS E. PRATT and THE AMERICAN FLOOR SURFACING MACHINE COMPANY, Appellants. HARRIET STRECKER, Respondent, v. DOUGLAS E. PRATT and THE AMERICAN FLOOR SURFACING MACHINE COMPANY, Appellants.— Appeal from an order granting examination before trial of a foreign corporation, a defendant in an action for damages received through the negligence of agents of the corporation. It appears that the foreign corporation maintains an office for the transaction of business in charge of a managing agent in the city of Albany. Order unanimously affirmed, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

CENTERVILLE CREAMERY Co., INC., Respondent, v. NATHAN WEXLER and Others, Appellants.— This is an appeal from an order denying defendants' motion to open their default in appearing upon the trial of the above-entitled action and to vacate judgment entered upon such default. Apparently the defendants were given every reasonable opportunity to try their case at a February term of the Sullivan County Court. No legal excuse was presented and plaintiff insisted on going to trial, and would not consent to any further adjournment. Plaintiff was entirely within its rights in demanding that the trial proceed, and in the absence of a legal or valid excuse the order denying the motion was just and proper and should be affirmed. Order denying defendants' motion to open default unanimously affirmed, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

EUDORA KINNS, Appellant, v. E. MACDONALD STANTON, Respondent.— Appeal from an order granting defendant's motion to set aside plaintiff's notice of examination before trial. Order vacating notice of examination before trial reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs and disbursements. Examination to be had at any Special Term in Schenectady county on eight days' notice. Hill, P. J., Crapser and Bliss JJ., concur; Schenck and Foster, JJ., dissent upon the ground that plaintiff has been guilty of gross laches; in addition that the scope of the examination is too broad.