HERMAN RYAN et al., Appellants, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

Fourth Department, February 27, 1964.

*Will Gibson* and *Gross & Shuman* (*Irving M. Shuman* of counsel), for appellants.

*Miller, Bouvier, Kratzer & Ulsh* (*Gerald Bouvier* of counsel), for respondent.

DEL VECCHIO, J. Plaintiffs have appealed from a denial of a motion to amend the title of the action by changing the designation of the defendant from Nationwide Mutual Insurance Company to Nationwide Mutual Fire Insurance Company.

Plaintiffs sustained a fire in premises which were insured by an Ohio insurance carrier, Nationwide Mutual Fire Insurance Company. After filing a claim with the insurer, they were notified to submit to an examination, which was scheduled by and held at the office of the law firm appearing for defendant in this action. The letter from the attorneys concerning their examination " pursuant to the provisions of your policy " referred to " Nationwide Mutual Insurance Co."

Following rejection of their claim, plaintiffs commenced this action for recovery under the policy, naming the defendant as Nationwide Mutual Insurance Company. There was in fact an Ohio insurance company bearing this name which was licensed to write liability insurance in this State; it did not provide fire coverage. At the time of this action both Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company had appointed the Superintendent of Insurance as their attorney to receive service of process in the State of New York and both had designated " E. A. Rule, Secretary " of Columbus, Ohio, as the person to whom process should be forwarded.

Process in the present action was delivered to the Superintendent of Insurance and subsequently transmitted by him to E. A. Rule. Defendant served an answer containing a general denial.

After the period of limitation for the commencement of the action had run, plaintiffs discovered the omission of the word " Fire " from defendant's name, and moved to amend the title of the action to designate the defendant as Nationwide Mutual Fire Insurance Company. The court may correct an omission at any stage of the action, if a substantial right of a party is not prejudiced (Civ. Prac. Act, § 105 now CPLR 2001). The motion was denied upon the ground that, if granted, it would substitute as the defendant a corporation which has never been served with process and had not been brought within the court's jurisdiction.

The record does not support this conclusion. There can be no doubt that the plaintiffs always intended to sue their fire insurance carrier, Nationwide Mutual Fire Insurance Company, and that service on that defendant was in fact effected. The procedure followed — delivery to the Superintendent of Insurance and transmittal to E. A. Rule at Columbus, Ohio — was the

exact procedure provided for service upon the fire insurance company. The fact that the same acts might also be employed to effect service upon another concern does not weaken the effect of the service upon the intended defendant.

Since service was effected under a misnomer, upon the party which plaintiffs wished to sue, it is the duty of the court "to determine whether, notwithstanding the error, the defendant was fairly apprised whether [it] was the party the action was intended to affect, and if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction." (*Stuyvesant* v. *Weil,* 167 N. Y. 421, 426.)

The facts disclosed by this record permit only one answer to that inquiry. The history of prior negotiations between plaintiffs and their insurer concerning the fire loss, including their examination pursuant to their policy at the request of the attorneys representing both Nationwide companies, the appearance of those attorneys in the present action, the description of the defendant set forth in the complaint as an Ohio corporation authorized to sell fire insurance in the State of New York as well as the identification of the fire insurance policy issued to plaintiffs, leave no doubt that the intended defendant was fairly apprised that it was the party the action was intended to affect. Furthermore, it cannot be overlooked that defendant's own attorneys at the time they were examining plaintiffs under the terms of the policy and before litigation had been commenced were referring to defendant as Nationwide Mutual Insurance Co. in their correspondence with plaintiffs.

In these circumstances the defect in description of defendant was an insubstantial error which plaintiffs should be permitted to cure by amendment.

The order should be reversed and plaintiffs' motion granted.

WILLIAMS, P. J., GOLDMAN, HENRY and NOONAN, JJ., concur.

Order unanimously reversed, with costs and motion granted, without costs.