## (February 14, 1968)

■ FRANK HURLEY, Respondent, v. HARRY A. REOUX et al., Appellants.— STALEY, JR., J. Appeal from an order of Supreme Court, Clinton County, entered February 13, 1962, denying defendants' motion to open a default judgment. This action was commenced on April 25, 1960 by the receiver in proceedings supplementary to judgment to have certain transfers of real and personal property from defendant Harry A. Reoux to defendant Rita K. Reoux set aside on the ground that such transfers were fraudulent. After service of answers, a note of issue was filed and the action was placed upon the calendar of Supreme Court, Warren County. An order settling the issues to be tried was made on April 7, 1961. At the opening of the October 1961 Term of Supreme Court, Warren County, the action appeared on the Day Calendar, and a motion for a stay of all proceedings made by the defendants on October 3, 1961 was denied. When advised that the action might be reached for trial during the October Term, the defendants' attorney requested an adjournment for the reason that he had been called to active military duty and was stationed at Schenectady County Airport and, further, that the defendant Harry A. Reoux was ill and unable to stand trial which request was denied. On October 26, 1961 the case was called for trial and, in the absence of the defendants and their attorney, the trial court directed the plaintiff to proceed to trial, and a default judgment was obtained and entered on December 13, 1961. Assuming the existence of an excusable default, the motion to open a default should not be granted, unless defendants disclose a meritorious defense to the action. The defendants' attorney in his supporting affidavit on this motion merely states his opinion that the defendants have a meritorious defense which is somewhat amplified in his reply affidavit wherein he states that adequate consideration was paid for the transfers at a time when defendant Harry A. Reoux was solvent. The affidavits submitted by the defendants failed to set forth factual statements to establish a meritorious defense to the action and, therefore, the motion to open the default was properly denied. (*Montmarte, Inc.* v. *Salvation Army*, 20 A D 2d 536; *Investment Corp. of Philadelphia* v. *Spector*, 12 A D 2d 911; *Benadon* v. *Antonio*, 10 A D 2d 40.) Order affirmed, with costs. Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.; Gabrielli, J., concurs in part and dissents in part, in a memorandum; Herlihy, J. P., not voting. Gabrielli, J. (dissenting in part). The order denying appellants' application to vacate the default judgment should be modified. No one disputes the fact that at the time the case was called for trial, counsel for the appellants had been ordered to active

military duty and obviously could not proceed to trial. Despite the existence of an excusable default upon this ground, I concur in the affirmance of Special Term's order as to the appellant Harry A. Reoux since the motion papers and affidavits submitted by him do not demonstrate a meritorious defense. However, the order insofar as it denies the application of the appellant Rita K. Reoux should be reversed. The record reveals that the court's determination gave prime importance and, indeed, sole consideration to the position of the appellant Harry A. Reoux and little, if any, consideration was given to the equities and uncontroverted claims of Rita K. Reoux. The motion papers, including her verified answer, indicate that for the property and securities mentioned in the complaint, she paid $34,000 and assumed a $10,000 real estate mortgage which she subsequently paid off. No one appears to dispute this. It would appear that on the claim made against her based upon an alleged fraudulent intent, there is a showing of a meritorious defense which she ought to have an opportunity to have litigated. At the very least, the payments made and obligation assumed by her, raise a very serious question as to whether sufficient consideration was given by her for the transfers and she should be entitled to litigate this question. As the court said in *Becker* v. *Belfi* (26 A D 2d 818, 819), "Moreover, defendant has presented a factual picture which suggests at least an arguable defense and one that ought to be tested on the merits". The factual situation before us clearly shows that her admittedly excusable default together with the uncontroverted showing that she made the cash payments and assumed a mortgage, entitles her to have her day in court. In restating the oft-pronounced and long-established rule, the court, in *Warbett* v. *Polokoff* (21 A D 2d 771), quoted from *Benadon* v. *Antonio* (10 A D 2d 40, 42), wherein it was said that "' The controlling principles are well settled. As a matter of general policy, disposition of controversies on the merits is favored, and to that purpose defaults will be vacated upon a proper showing of excuse and the absence of willfulness (*Long Is. Trading Corp.* v. *Tuthill,* 243 App. Div. 617; *Baldwin* v. *Yellow Taxi Corp.,* 221 App. Div. 717; *Allen* v. *Fink,* 211 App. Div. 411, 415, mod. 213 App. Div. 845; 7 Carmody-Wait, New York Practice, p. 409).'" The judgment and order should be affirmed as to appellant Harry A. Reoux; and the judgment and order should be reversed as to appellant Rita K. Reoux, and motion granted on condition (1) that the judgment remain a lien as security for any recovery that may be had against her and (2) that the action against her proceed to trial at the next term of Supreme Court to be held in Warren County.