## (May 21, 1968)

■ REBECCA KREBS, Also Known as REBECCA DOBBS, Appellant, v. FREDERIC B. RABORG et al., Respondents.

*Per Curiam.* Plaintiff appeals from two orders of Special Term. Defendants are husband and wife. The first order grants the husband's motion to vacate a judgment entered against him on default and gives him leave to answer. The second order denies plaintiff's motion for summary judgment against the wife. We believe both of these dispositions to be erroneous.

The motion to open the default is addressed to the discretion of the court. To succeed defendant must establish a reasonable excuse and a meritorious defense (*Back* v. *Stern*, 23 A D 2d 837; *Levine* v. *Fal-Bar Argentinian Corner Restaurant*, 18 A D 2d 611). His excuse is that he was served in Brazil and was under the impression that the service was ineffectual because he was then a bona fide resident of Brazil. Actually this is his second claim. His first — since abandoned when confronted with reliable proof to the contrary — was that he was never served at all. The motion was not made on the ground that the service did not confer jurisdiction but the affidavit reserves that question as one of the points of a meritorious defense. It is not. While defendant may well have been a resident of Brazil at the time of service, he resided here at the time of the transaction in suit which took place in New York. There is no question that jurisdiction was acquired pursuant to CPLR 302 (subd. [a], par. 1). (*Schneider* v. *J & C Carpet Co.*, 23 A D 2d 103.) The defense on the merits will be discussed in connection with the second motion.

The action is for conversion of certain shares of stock. The certificates for the stock were loaned to defendants and they promised in writing to return them on demand. There is no dispute that the certificates were delivered and the instrument executed. The defense is that a gift was made of the stock and the promise to return was merely a gesture of appreciation. This contention was never advanced during the lifetime of the donor and is completely belied by a series of letters subsequent to the receipt of the stock. The explanation of this correspondence is so completely unbelievable as to insult the intelligence of any reader. Several minor technicalities advanced do not merit discussion.

An issue has, however, been raised as to the date of demand. As this is essential to the amount of damages, the matter must be remanded for that purpose.

The order entered January 9, 1968, should be reversed on the law, on the facts and as a matter of discretion, and the motion denied, with costs and disbursements.

The order entered January 9, 1968, should be reversed on the law and summary judgment granted to plaintiff, and the matter remanded to the Supreme Court for an assessment of damages, with costs and disbursements.

Stevens, J. P., Steuer, McGivern, Rabin and McNally, JJ., concur.

Order entered on January 9, 1968, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $25 costs and disbursements to the appellant, and defendant-respondent Frederic B. Raborg's motion denied.

Order entered on January 9, 1968, unanimously reversed, on the law, with $25 costs and disbursements to appellant, with plaintiff's motion for summary judgment granted, with $10 costs, and the matter remanded to the Supreme Court, New York County, for an assessment of damages.