■ UNITED INDUSTRIAL CORPORATION, Respondent, v GERALD SHREIBER et al., Appellants.—Order, Supreme Court, New York County, entered November 1, 1972, which denied defendants-appellants' motion to vacate default judgment entered in this action, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. In substance, defendants asserted four separate grounds for their motion. These are considered *seriatim.* (1) Defendants contended the court lacked jurisdiction over them because service of summons was invalid. They claimed they were enticed into New York by plaintiff in order to serve them with process. The record does not sustain the argument that appellants were inveigled into this jurisdiction by respondent. On the contrary, it appears that they were constantly coming to New York for board of directors meetings of Sandmar Manufacturing Company. There does not appear to have been a scheme on the part of respondent to lure appellants into New York in order to serve them with process. *Olean St. Ry. Co. v Fairmount Const. Co.* (55 App Div 292), upon which appellants rely, is distinguishable. In *Olean,* defendant, at the suggestion of plaintiff, made one solitary trip to New York, specifically and solely to discuss settlement of a matter. Such is not this case, where although settlement discussions were in progress, they were intertwined with and formed part of the regular business of the board of directors of Sandmar, of which appellants were members and whose meetings they attended. Accordingly, service of process was valid. (2) Defendants contended the court should have declined jurisdiction over the action on the doctrine of *forum non conveniens.* They claimed that Pennsylvania, rather than New York, was the proper forum for this action, since the issues involved pertained to matters in Pennsylvania, defendants resided there, and actions between the parties concerning the same subject matter were pending in that State. While Sandmar is a Delaware corporation, whose business interests are located in Pennsylvania, its headquarters are in New York. Respondent, too, is a New York based corporation. Appellants were in New York City many times to attend board of directors meetings of Sandmar. Trips to New York did not impose any hardship upon them. Further, despite appellants' contentions, the Pennsylvania actions did not cover the same subject matter as the New York action. Accordingly, defendants' argument that this proceeding should have been more appropriately brought in Pennsylvania is without merit. (3) Defendants contended that the entry of default judgment without notice to them was improper. They claimed that they were entitled to such notice, as plaintiff was aware that they were represented by counsel. Defendants' counsel did not, however,

serve and file a notice of appearance in the action. It should be noted that less than one year elapsed since the default. Accordingly, notice of plaintiff's intention to obtain and enter a default judgment was not required (cf. CPLR 3215, subd [f], par 1). (4) Defendants contended their default was excusable (CPLR 5015, subd [a], par 1). They claimed they did not appear or answer in the action because they thought the matter would be settled. A motion under this section to open a default is addressed to the discretion of the court. To succeed, movants must establish (a) that their default was excusable (CPLR 5015, subd [a], par 1; *Krebs v Raborg,* 30 AD2d 520), *and* (b) that they have a meritorious defense to the action *(Hurley v Reoux,* 29 App Div 789). Appellants' belief that the matter would be settled did not excuse their default. Further, they did not evidence a meritorious defense. On these facts it was not an abuse of discretion by the court below to deny appellants' motion. *(Bouxsein v Bialo,* 35 App Div 523). Concur—Lupiano, J. P., Burns, Capozzoli, Lane and Nunez, JJ.