■ MAURICE LUTWACK, Appellant, v NICHOLAS P. PITEO, Respondent.— Appeal dismissed without costs. All concur, Dillion, J., not participating. Memorandum: No appeal lies to this court from an order of County Court acting on appeal from an order of a lower court *(Serrino v D & B Barr, Inc.,* 37 AD2d 912; *Ellis v Greco,* 34 AD2d 879; CPLR 5703, subd [b]). If we were to pass on the merits of the appeal we would affirm the order (see *Batista v St. Luke's Hosp.,* 46 AD2d 806; *Moran v Rynar,* 39 AD2d 718; *Benn v Baltimore & Ohio R.R. Co.,* 286 App Div 992). (Appeal from order of Erie County Court reversing order of City Court of Buffalo—vacate default judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ PATRICIA STAHELI, Doing Business as J & K UPHOLSTERY CENTER, INC., Respondent-Appellant, v AETNA INSURANCE COMPANY, Appellant-Respondent.—Order unanimously affirmed, with costs. Memorandum: Defendant-appellant contends that in this action for recovery of a fire loss Special Term abused its discretion by permitting plaintiff-respondent to amend the title of the summons by deleting the words "Patricia Staheli, d/b/a J & K Upholstery Center, Inc.", plaintiff, therefrom and inserting in its place as plaintiff the words "J & K Upholstery Center, Inc.". Patricia Staheli is in fact the principal stockholder and vice-president of the named corporation. Defendant argues that this change adds a new additional party who would be barred by the insurance policy's one-year limitation for commencement of the action after the loss had occurred. CPLR 305 (subd [c]) provides that: "At any time, in its discretion and upon such terms as it deems just, the court may allow any summons * * * to be amended, if a substantial right of a party against whom the summons issued is not prejudiced". The action was in fact timely commenced and certainly the defendant is not prejudiced by what was clearly a mistake. In a very similar fact situation we stated "It is elementary that mistakes or irregularities not affecting a substantial right of a party are not fatal. Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved [citing texts and statutes]" *(Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80; *Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270; *Luce v Pierce Muffler Shops,* 51 Misc 2d 256, affd 28 AD2d 826). (Appeals from order of Steuben Supreme Court—amend complaint.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.