■ DEVORA EHRLICH, Respondent, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.—In an action on an insurance policy, defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County, entered December 16, 1975, which, *inter alia,* (1) granted plaintiff's motion for summary judgment and (2) denied defendant's cross motion for summary judgment. Order and judgment reversed, on the law, without costs or disbursements, motion denied, cross motion granted and complaint dismissed. No findings of fact were presented for review. In this action, plaintiff seeks to recover the proceeds of a life insurance policy which was issued upon the life of her deceased husband. The record on this appeal clearly shows that, although no specific diagnosis of "heart disease" may have been made, decedent materially misrepresented his medical history by failing to disclose, *inter alia,* his visits to a doctor on several occasions for chest pains and the various blood thinning medications he was taking. One of these visits was only 11 days prior to the date that he filed his application for the insurance policy. These misrepresentations were material as a matter of law (see *Leamy v Berkshire Life Ins. Co.,* 39 NY2d 271; see, also, *Home Life Ins. Co. v Kupfer,* 281 App Div 685). Accordingly, summary judgment in defendant's favor should have been granted. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ FLORENCE DEVELOPMENT CORPORATION, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.—In an action to recover damages for defendants' use of a certain sanitary sewer system maintained and operated by plaintiff, defendants appeal from an order of the Supreme Court, Richmond County, dated June 5, 1975, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. Defendants' time within which to serve an answer is extended until 10 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. The complaint states a cause of action. Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.

■ THOMAS GAMACHE et al., Appellants, v CHARLES W. AHERN et al., Respondents.—In an action *inter alia* to rescind a contract for the sale of realty, plaintiffs appeal from an order of the Supreme Court, Dutchess County, dated June 30, 1975, which (1) granted defendants' motion to vacate a default judgment to the extent of permitting defendants to interpose an answer and (2) provided that the judgment is to stand as security pending resolution of the action. Order affirmed, with $50 costs and disbursements. The time within which defendants may serve their answer is extended until 20 days after entry of the order to be made hereon. Defendants, by their allegations of a conditional settlement and of a delivery of documents out of escrow by plaintiffs' attorney, have, in our opinion, sufficiently alleged both a reasonable excuse for their default in answering and a meritorious defense to this action, which was commenced just prior to the settlement. Furthermore, the default was not deliberate or willful and plaintiffs have not been unduly prejudiced. Under the circumstances presented, the granting of the motion was a matter within the proper exercise of Special Term's discretion and should not be disturbed (see CPLR 5015, subd [a], par 1; *Krebs v Raborg,* 30 AD2d 520; *Hurley v Reoux,* 29 AD2d 789). Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.