■ CHARLES F. HARDING, Respondent, v NEW YORK STATE TEAMSTERS COUNCIL WELFARE TRUST FUND, Appellant.—Appeal unanimously dismissed, with costs. Memorandum: Default judgment in the sum of $921 and costs was entered by plaintiff against defendant in Buffalo City Court, Small Claims Part, on June 30, 1976. Defendant moved in that court for an order opening the default judgment and dismissing the complaint on the ground of lack of jurisdiction and on the merits. The motion was denied and an order was entered accordingly. Defendant appealed to the Erie County Court, alleging lack of jurisdiction and abuse of discretion by City Court in refusing to open the default. County Court found that defendant had every opportunity to appear in City Court, but chose to rely on papers which it submitted to the court, and, therefore, that it submitted to the jurisdiction of the court; and County Court affirmed the City Court order denying the motion to open the default. CPLR 5703 (subd [b]) provides that an appeal may be taken to the Appellate Division as of right *from an order* of a County Court or a Special Term of the Supreme Court which determines an appeal *from a judgment of a lower court.* Here County Court affirmed *an order* of the City Court which denied defendant's motion to open a default judgment. Since County Court affirmed only an order, CPLR 5703 (subd [b]) does not grant to defendant an appeal as of right to the Appellate Division (see *Lincoln Rochester Trust Co. v Howard,* 53 AD2d 1037; *Lutwack v Piteo,* 52 AD2d 754; *Serrino v D & B Barr, Inc.,* 37 AD2d 912). Since defendant did not seek and obtain permission to take this appeal, it must be dismissed. We have, however, considered the merits of the appeal and, if we were to decide the merits, we would affirm (see *Lutwack v Piteo, supra; Serrino v D & B Barr, Inc., supra).* In commencing this action in Small Claims Court plaintiff waived his right to appeal, "except that either party may appeal on the sole grounds that *substantial justice* has not been done between the parties" (UCCA, § 1807) (emphasis added); and Small Claims Court is not bound by

statutory rules of practice, procedure, pleading or evidence (UCCA, § 1804; *Buonomo v Stalker,* 40 AD2d 733). Where substantial justice has been done, judgment will not be disturbed *(Blair v Five Points Shopping Plaza,* 51 AD2d 167; see, also, *Jewett v Jewett,* 79 Misc 2d 76, 80). Although defendant's office is located in Utica, New York, it acknowledged that a local union in Erie County accommodated defendant's members in some respects in Erie County. Moreover, in its opposition to the complaint defendant not only contested the jurisdiction of the court but it especially submitted the merits of the action to that court. In addition, defendant was specifically notified of the necessity for it to appear on the return date, but rather than attend it chose to submit the issues to the court. On its motion to open the default it did not meet its burden to establish that its default was excusable and that it has a meritorious defense *(United Ind. Corp. v Shreiber,* 51 AD2d 688, 689, mot for lv to app den 39 NY2d 1015, cert den 429 US 1023; *Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362, 365-366; *Krebs v Raborg,* 30 AD2d 520; *Murphy v Hall,* 24 AD2d 892). Although default judgments are not favored *(Ballard v Billings & Spencer Co.,* 36 AD2d 71), defendant cannot be relieved of its willful default in this case (see *Centerville Creamery Co. v Wexler,* 262 App Div 1055). (Appeal from order of Erie County Court—vacate default judgment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.