Chloe Premo, Respondent, v Donald Cornell et al., Appellants.

Third Department, December 13, 1979

## APPEARANCES OF COUNSEL

*Fischer & Hughes (Richard H. Edwards* of counsel), for appellants.

*Mullarney & Holland (Robert G. Main, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

Mahoney, P. J.

On March 10, 1979, defendants were each served a summons and notice. The notices stated that the nature of plaintiff's action was to recover for personal injuries sustained as a result of motor vehicle negligence on March 16, 1976, but did not state the amount to be recovered in case of default. The defendants, aware that the notices served upon them did not

comply with CPLR 305 (subd [b]), moved to dismiss the summonses, alleging that the court lacked personal jurisdiction. Special Term, in denying the motion, treated the omission of the monetary amount as a correctable irregularity and granted plaintiff 15 days to amend each summons. This appeal ensued.

Prior to January 1, 1979, it was permissible to commence a civil action in the Supreme Court and in the County Courts by serving a bare summons. The permissive language of CPLR 305 (subd [b]), which provided that a summons served without a complaint "may" contain a notice stating the object of the action and the relief sought, often proved a trap for the unwary practitioner who realized too late that CPLR 3215 (subd [e]) prevented the taking of a default judgment when the summons served was unaccompanied by either the complaint or a notice under CPLR 305 (subd [b]). As a result of this situation, the Legislature followed a recommendation made by the Judicial Conference that CPLR 305 (subd [b]) be amended to require that a summons served without a complaint "shall" contain a notice stating the nature of the action and the relief sought and the sum of money for which judgment may be taken in case of default (L 1978, ch 528, eff Jan. 1, 1979; see Twenty-Third Ann Report of NY Judicial Conference, 1978, pp 271-277).

With this background in mind, we now turn to the issue presented by the instant case—when a summons is served without a complaint, is the failure to include the amount for which a default may be taken a jurisdictional defect or a mere irregularity? Furthermore, if such an omission is held to be a jurisdictional defect requiring dismissal of the action, is plaintiff entitled to the six-month extension afforded by CPLR 205 (subd [a]) in which to commence a new action?

We agree with the conclusion reached by Special Term that the absence of a monetary amount in a notice served with a summons is a correctable irregularity (see CPLR 305, subd [c]). It is important to note that we are not dealing with a situation where a summons was served without the notice required by CPLR 305 (subd [b]), the complete absence of which would be a jurisdictional defect. Rather, defendants were each timely served a summons which adequately informed them of the nature of plaintiff's action and the type of relief sought. The notices were merely defective and the omission of the default amount did not prejudice a substantial right of either defen-

dant. Absent such a showing of prejudice, amendments should be freely permitted to correct errors where the correct defendant has been served and apprised of the nature of the action brought against him (see *Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C305:4, p 178). Accordingly, Special Term's order granting plaintiff 15 days to amend each summons should be affirmed.

The order should be affirmed, without costs.

GREENBLOTT, SWEENEY, STALEY, JR., and MIKOLL, JJ., concur.

Order affirmed, without costs.