■ JOHN S. SAMANIUK et al., Respondents, v SAG ENTERPRISES, INC., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 21, 1978 in Saratoga County, which ordered defendant to specifically perform a contract of sale of real property dated July 11, 1978. On July 11, 1978, plaintiffs and defendant entered into a contract providing for the construction of a home on a lot owned by defendant, known as Lot 13 Castle Drive in the Town of Stillwater, County of Saratoga, New York, and providing for the sale of said home and lot to plaintiffs. The purchase price was $31,900 and possession was to be delivered "on or before September 1, 1978, subject to transfer of title." When the building was completed, defendant scheduled a closing for August 31, 1978, at the office of the

attorney for the mortgage lender. When plaintiffs advised defendant that it would be inconvenient for them to close on that date, but would close during the week of September 4, 1978, defendant informed plaintiffs that if they did not close on August 31, 1978 there would be no closing at all. Plaintiffs then scheduled a closing for September 1, 1978. Defendant was unavailable on that date, since its president had made prior plans for the Labor Day weekend. On August 31, 1978, defendant's attorney advised the lender's attorney that defendant had decided not to close. On September 1, 1978, plaintiffs appeared at the office of the attorney for the lender at the appointed time ready to close. Defendant did not appear. On September 15, 1978, plaintiffs commenced this action, seeking specific performance of the contract of sale, by the service of a copy of the summons and complaint upon the Secretary of State. On October 30, 1978, plaintiffs, not having received an answer to the complaint or a notice of appearance by defendant, moved for an order directing the entry of judgment by default on notice to defendant. On November 7, 1978, defendant cross-moved for an order relieving it from its default and extending the time to answer and defend on the ground that it had received no notice of the pending action until receipt of the notice of motion dated October 30, 1978. On November 13, 1978, defendant served its answering affidavits to plaintiffs' motion, together with a copy of its proposed answer, which denied any knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the complaint, which alleged that plaintiffs had appeared for the closing on September 1, 1978, ready, willing and able to pay the balance due under the terms of the contract. The answer also contained a separate defense that plaintiffs failed to allege that they had no adequate remedy at law and a separate defense that "Equitable consideration dictates that the plaintiffs be denied specific performance." Special Term granted plaintiffs' motion and denied defendant's cross motion, stating that the allegations in paragraph 6 of the complaint were substantiated by the affidavit of the attorney for the bank; that an allegation of no adequate remedy at law is not essential in an action to compel specific performance of a contract of sale *(Wasserman v Manson,* 225 App Div 342); that the second separate defense based on equitable considerations evidences only a personality conflict between the parties; and that the disagreement did not constitute a breach of contract, and was so trivial as not to entitle defendant to rescind the contract. On a motion to open a default, it is necessary to establish that the default was excusable, and that there exists a meritorious defense *(Harding v New York State Teamsters Council Welfare Trust Fund,* 60 AD2d 975). Special Term found that defendant had not met the burden of establishing a meritorious defense. Our examination of the affidavits supports this determination. Since there was no abuse of the court's discretion, judgment should be affirmed *(Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655). Judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.