OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by plaintiffs for an order (1) declaring that plaintiffs’ motor vehicle coverage for physical damage under an insurance policy has not been suspended and is presently in effect, (2) compelling defendants to pay the sum of $3,507.34 plus attorneys’ fees, costs and interest, and (3) staying defendant Metropolitan Property and Liability Insurance Company (Metropolitan) from canceling or terminating plaintiffs’ insurance policy on March 18, 1982, is determined as set forth below.
BACKGROUND AND CONTENTIONS
In this hybrid lawsuit, originally designated as a “special proceeding” and now, apparently, as an “action”, the facts in support of plaintiffs’ position appear in an affidavit by plaintiff Linda Wilson dated March 17, 1982. The basis for plaintiffs’ claim is an “assigned risk” automobile liability policy assigned to defendant Metropolitan by the New York Auto Insurance Plan on January 11, 1982, with an effective date of January 7, 1982. The policy included property damage coverage for plaintiffs’ vehicle commonly known as “collision insurance”.
*993 Plaintiffs contend that they paid the premiums required and performed all the conditions of the policy required on their part so as to have an effective policy in full force and effect. On February 3, 1982, Linda Wilson was involved in an automobile accident and incurred property damage to her vehicle in the sum of $3,507.34.
Thereafter, plaintiffs received a notice dated February 22, 1982 stating that their policy had been canceled effective March 18, 1982 for “failure to respond to two written requests for pertinent underwriting information”. A second notice was sent to the plaintiffs by defendant Metropolitan dated February 23,1982 due to plaintiffs’ failure to comply with the mandatory physical damage photo inspection requirement of the New York State Insurance Law. As a result of such suspension, effective prior to the February 3, 1982 accident, defendant Metropolitan refused to pay plaintiffs’ property damage loss and this lawsuit was commenced.
Defendant Metropolitan opposes this application on two grounds.[1] In the first instance, it contends that the service of a summons without notice and without a complaint constitutes a jurisdictional defect and, therefore, the court does not have jurisdiction over defendant Metropolitan. In addition, defendant Metropolitan, joined in this regard by defendant, Doug Feinberg Company, Inc. (Feinberg), the plaintiffs’ insurance broker, contends that the relief requested by plaintiffs is without merit.
AS TO THE JURISDICTIONAL ATTACK
In our jurisprudence, there is only one form of civil action whether the action is at law or in equity. (CPLR 103, subd [a].) The form of the civil judicial proceeding is governed by CPLR 103 (subd [b]), which provides, in part, as follows: “All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.”
This action was commenced by the service of an order to show cause, an affidavit by plaintiff Linda Wilson and a *994 summons without notice. An examination of Mrs. Wilson’s affidavit reveals that her allegations sound in an action for a declaratory judgment declaring that the subject insurance policy is in effect;[2] a request for an injunction preventing the carrier from canceling her policy; in negligence against insurance broker Feinberg; and for damages against all defendants.
The type of relief sought by plaintiffs must be obtained by way of an “action” rather than a “special proceeding”. However, if the court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it was not brought in the proper form; the court has the power to make whatever order is required to continue its proper prosecution (see CPLR 103, subd [c]). Therefore, the issue confronting the court is whether this “court has obtained jurisdiction over the parties”.
The form of this lawsuit is obviously uncertain in nature. The title originally was phrased in the petitioners-respondents “special proceeding” language, and corrected to read “plaintiff-defendant” in the “action” form. As stated, the papers served consist of an order to show cause, an affidavit and a summons without notice. Does the service of these papers give the court jurisdiction over the parties?
CPLR 305 (subd [b]) provides that if the summons is served without the complaint, “the summons shall contain or have attached thereto a notice stating the nature of the action and relief sought, and * * * the sum of money for which judgment may be taken in case of default.” The summons in this action was served without a complaint and the summons did not state thereon the information required by CPLR 305 (subd [b]).
A summons lacking only the ad damnum is irregular and may be amended. (Premo v Cornell, 71 AD2d 223.) However, where the summons is missing all three required items of notice, it is jurisdictionally void. (Premo v Cornell, supra; Limpert v Garland, 100 Misc 2d 525; McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons *995 Laws of NY, Book 7B, CPLR C305:3, 1981-1982 Pocket Part, p 107.)
The specific issue presented is whether the affidavit annexed to the summons sufficiently provides the information required in CPLR 305 (subd [b]).
While the summons itself does not contain, in its body, the three required statutory elements, the affidavit annexed thereto, does contain all the statutory requirements, namely, (1) the nature of the action, (2) the relief sought and (3) the sum of money for which judgment is sought. This court finds that the summons and affidavit together furnish sufficient notice so as to render such service jurisdictionally valid. The statute expressly provides that the summons “shall contain or have attached thereto” the required information. In this case the information is provided in the affidavit “attached thereto”.
Although the papers in this lawsuit are irregular in form, the court does have jurisdiction over the parties, and later in this order, shall afford defendants an opportunity to correct the state of the pleadings.

. A third ground; that “petitioners have no authority to prosecute this civil judicial proceeding in the form of a special proceeding” seems to have been corrected, in that the pleadings have been redesignated so as to convert this lawsuit into an “action”.

. A lawsuit requesting a “declaratory judgment” is, in form, an action. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3001:l, p 355; Allstate Ins. Co. v Szego, 38 AD2d 736.)