■ In the Matter of EDWARD D. CAMMAROTA et al., Respondents, v BELLA VISTA DEVELOPMENT CORP. et al., Appellants. — Appeal from an order of the County Court of Albany County (Clyne, J.), entered June 29, 1981, which affirmed an order of the Justice Court of the Town of Colonie holding that said court had jurisdiction of the instant summary proceeding to recover real property and denying respondents' motion to dismiss the proceeding. Petitioners and respondents executed a lease and option to purchase some 13 acres of vacant land near the intersection of Albany-Shaker Road and Wolf Road in the Town of Colonie. Respondents paid $12,300 to cover the first month's rental and thereafter defaulted on further payments. Petitioners then commenced the instant summary proceeding in the Justice Court of the Town of Colonie to recover possession of the premises for nonpayment of rent and for rent arrearages. Respondents moved to dismiss the proceeding, pursuant to RPAPL article 7, contending that the lease was never accepted and that respondents never took physical possession of the leasehold and, therefore, the court had no jurisdiction to entertain the proceeding. The motion was denied by the Justice Court and its order was subsequently affirmed upon an appeal to the Albany County Court. Respondents now appeal here. We note preliminarily that an appeal from an order of the County Court determining an appeal from an *order* of a lower court may not be brought to the Appellate Division without first obtaining permission to appeal (see CPLR 5703, subd [b]; *Harding v New York State Teamsters Council Welfare Trust Fund,* 60 AD2d 975). No such permission was secured in the instant matter. Nonetheless, we deem it appropriate here to grant permission to appeal and do so *sua sponte* (see *Matter of Swartz v Wallace,* 87 AD2d 926). Respondents contend that the proceeding below was jurisdictionally defective in that they did not have physical possession of the subject premises when the summary proceeding was commenced. A summary proceeding may be maintained only when the petition supports the existence of a landlord-tenant relationship (RPAPL 711). We cannot agree that possession of property for purposes of maintaining a proceeding to recover property is synonomous with occupation as urged by respondents. Where, as here, it appears that a lease was executed, that the lessees exercised dominion over the property by depositing landfill on it and that the lessees refused to disclaim the terms of the lease, the possession of the property by the lessees has been sufficiently stated to withstand a motion to dismiss (see *Darob Holding Co. v House of Pile Fabrics,* 62 Misc 2d 899). Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine JJ., concur.