OPINION OF THE COURT
D. Bruce Crew, III, J.
This is a motion by defendant Pre-Professional Publications, Inc., doing business as Umoja Sasa Magazine, for an order vacating a default judgment entered against it on March 8, 1984, and directing the plaintiffs to pay over to the defendant the sum of $3,266.69 obtained by them by execution upon defendant’s bank account together with any collection fees recovered from its account. The defendant’s motion is granted for the reason that the summons served by plaintiffs was ineffective to obtain personal jurisdiction of the defendant.
Plaintiffs personally served a summons with notice on Gary Lensky, alleged to be a managing agent of the corporate defendant. The summons stated that the relief sought was money damages and that a judgment in the amount of $2,886.30 would be taken in the event of default. The summons however failed to state the nature of the action. Defendant never appeared and plaintiffs thereafter took a default judgment.
*684 CPLR 305 (subd [b]) requires that a summons with notice state “the nature of the action and the relief sought, and *-* * the sum of money for which judgment may be taken in case of default”. The omission of all three elements of the required notice renders the summons jurisdictionally defective for all purposes (Parker v Mack, 61 NY2d 114; Ciaschi v Town of Enfield, 86 AD2d 903). However, a summons which omits only the sum for which a default judgment may be taken is valid to confer personal jurisdiction, although the defect will prevent the entry of a default judgment (Premo v Cornell, 71 AD2d 223). The question presented here, and apparently one of first impression, is whether a summons with notice which omits only the nature of the action is effective for any purpose. This court holds that such omission is a jurisdictional defect, not only for the purpose of taking a default judgment but also for obtaining personal jurisdiction of the defendant.
The purpose of the first two elements of the notice requirement of 305 (subd [b]) is to provide the defendant with the “basic information concerning the nature of plaintiff’s claim and the relief sought” (Twenty-third Ann Report of NY Judicial Conference, 1978, p 273). The third element of the notice requirement finds its basis in CPLR 3215 (subds [b], [c]), which respectively provide that judgment shall be entered in the amount stated in the notice or that judgment shall not exceed in amount that stated in the notice. The holding in Premo v Cornell (71 AD2d 223, supra) that a summons which omits only the default sum confers personal jurisdiction reflects the fact that such a summons nonetheless provides the defendant with the basic information of the nature of plaintiff’s claim and the relief sought. No reason exists to deny personal jurisdiction where the information omitted is only that which is required as a prerequisite to a default judgment pursuant to CPLR 3215. Here, by contrast, there is omitted the basic information of the nature of plaintiff’s claim. This failure renders the summons ineffective to secure personal jurisdiction of the defendant. As the Court of Appeals observed, “[t]he language of [305 (subd b)] is imperative, and the statutory dictates are clear” (Parker v Mack, 61 NY2d 114, 117, supra).
*685 Cases cited by plaintiffs are all readily distinguished. Long Mfg. v Ames Supply Co. (47 AD2d 990) was decided prior to the mandatory notice provision and dealt only with jurisdiction to enter a default judgment. In Skidmore v Carr (89 AD2d 600) the summons stated that the nature of the action was “For legal services”. Wilson v Metropolitan Prop. & Liab. Ins. Co. (114 Misc 2d 992) involved a bare summons but it had an affidavit attached to it which contained the required notice. Finally, Wagenknecht v Lo Russo (121 Misc 2d 45) involved a notice which “attempted to describe * * * the ‘nature of the action’ but * * * utterly failed in so doing”. No such attempt to comply with the statute was made here.
Defendant’s motion is granted in its entirety.