■ BART SCHWARTZ, Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about June 18, 1990, which, *inter alia,* granted the motion by defendants Stecher Jaglom & Prutzman and Jamie B.W. Stecher ("the Stecher Defendants") to dismiss the underlying *pro se* action pursuant to CPLR 3211 (a) (8) and pursuant to a February 21, 1990 Order of the Supreme Court, New York County, which enjoined and restrained the plaintiff from commencing any action against or serving an amended summons upon the Stecher Defendants without prior court permission, unanimously affirmed.

Order of the same court and same Justice, entered on or about June 1, 1990, which denied the Stecher Defendants' motion seeking to hold plaintiff Bart Schwartz in contempt and seeking sanctions for his disobedience of the temporary restraining order, and which granted the Stecher Defendants' motion seeking to declare the purported new summonses, dated March 23, 1990, a nullity, unanimously affirmed.

Order of the same court and same Justice, entered on or about June 14, 1990, which denied plaintiff's motion for a

default judgment as against the defendant Commissioner of Finance of the City of New York ("the Commissioner of Finance"), unanimously affirmed.

Order of the same court and same Justice, entered on or about August 27, 1990, which denied plaintiff's motion seeking leave to commence a new action by service of a proposed new summons and complaint upon the defendants, unanimously affirmed.

Respondents shall recover of appellant one bill of $250 costs and disbursements of these appeals.

The underlying action by plaintiff Bart Schwartz is the latest in a series of interrelated actions brought by the plaintiff against his former counsel, the Stecher Defendants, for their alleged legal malpractice while representing plaintiff Schwartz and his corporate *alter ego,* Ultracashmere House, Ltd.

Specifically, plaintiff's claim arises from an action entitled *Ultracashmere House v Kenston Warehousing Corp.* (Index No. 7547/82), wherein, after a jury trial, Ultracashmere was awarded a judgment of $495,513.68, with the judgment proceeds thereafter deposited into court and held by the defendant Commissioner of Finance in an interest-bearing account pending resolution of a legal fee dispute between Ultracashmere and its attorneys.

Subsequently, by a May 26, 1989 Order and Judgment, Justice Wilk directed the Commissioner of Finance to pay the attorneys the total sum of $339,000, which was duly paid by the Commissioner upon being presented with a copy of that order and judgment.

On October 30, 1990, this Court unanimously affirmed the May 26, 1989 Judgment which, *inter alia,* fixed the Stecher Defendants' lien for attorney's fees pursuant to Judiciary Law § 475 *(Ultracashmere House v Kenston Warehousing Corp.,* 166 AD2d 386).

Plaintiff now alleges that the Stecher Defendants fraudulently induced the Commissioner of Finance to pay their fee over to them, and that the Commissioner of Finance improperly paid out the sum of $339,000 from the funds on deposit "without the benefit of any written document so authorized by legal court order."

Upon examination of the record, we find that the IAS court properly dismissed the underlying action pursuant to CPLR 3211 (a) (8) where the February 15, 1990 summons, served without a complaint and with merely the notation thereon

"FOR MONEY DAMAGES", failed to contain the information mandated by CPLR 305 (b). The complete absence in plaintiff's summons of the notice requirements contained in CPLR 305 (b) was clearly a jurisdictional defect, which warranted dismissal *(Parker v Mack,* 61 NY2d 114, 117).

Similarly, the IAS court properly denied plaintiff's motion for a default judgment against the Commissioner of Finance in view of the June 18, 1990 Order dismissing the underlying action as against all the defendants, thereby rendering service of an amended summons in the dismissed action a nullity. The notice defect in both the initial and amended summons was a jurisdictional defect which rendered the summons insufficient for the purposes of taking a default judgment *(Frerk v Mercy Hosp.,* 99 AD2d 504, 505; *Hollander v Lensky,* 124 Misc 2d 683, 684).

The plaintiff's motion seeking leave to serve a proposed new summons and complaint upon the Stecher Defendants and to commence a new action was also properly denied.

We have reviewed the plaintiff's remaining claims, and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.