■ In the Matter of O'FENNELL CORPORATION, Respondent, v O'FENNELL'S OF PINE HILL, INC., et al., Appellants. [601 NYS2d 32] —Casey, J. Appeal from an order of the County Court of Ulster County (Vogt, J.), entered February 27, 1992, which affirmed an order of the Justice Court of the Town of Shandaken denying respondents' motion to vacate a default judgment entered against them in a proceeding pursuant to RPAPL article 7.

The parties entered into a commercial lease on December 19, 1989 whereby petitioner leased a restaurant and tavern located at 143 Main Street in Pine Hill (Town of Shandaken, Ulster County) to respondent O'Fennell's of Pine Hill, Inc. (hereinafter respondent) for a period of five years at a rental of $150 per month. Simultaneously, a contract for the sale of the bar business by petitioner to respondent was executed. When the rent, water and fuel bills fell into arrears, this summary eviction proceeding was commenced by petitioner. Having received no notice from respondent that it was surrendering the premises or any indiction that it was no longer doing business there, and because petitioner had not been

notified of any corporate office or other place of business, personal service of the eviction papers was attempted under RPAPL 735 (1). The Sheriff made attempts at personal service at the leased premises on November 21, 26 and 27, 1990. When these attempts failed, the notice of petition and petition were securely affixed to the door of the premises and were also sent to respondent by certified mail and first class mail, addressed to the business address at 143 Main Street. A judgment of eviction was entered by default due to respondent's failure to respond to the process in the Justice Court of the Town of Shandaken. Respondent's motion to vacate the judgment of default was denied and the order of denial was affirmed on appeal by County Court. It is the order of County Court which is the subject of this appeal.

It is to be noted that after respondent perfected its appeal to County Court, petitioner served respondent with a summons and complaint, presumably by substituted service, in an action in Supreme Court, Ulster County, to cancel the contract and lease. It was alleged in that action that the subject premises have been sold to an unrelated party by deed which has been duly recorded in the County Clerk's office. Supreme Court canceled the lease and contract, ruled that jurisdiction had been obtained and refused to relieve respondent of its default. Thus, the order of cancellation remains extant.

The attempt by respondent to appeal the order of County Court, which affirmed the order of Justice Court denying respondent's motion to vacate the default, is made without permission of this Court, under the apparent impression that such appeal lies as of right; it does not (see, CPLR 5703 [b]). A split of authority exists as to whether such appeal may be taken by permission. The Fourth Department, in *Gastel v Bridges* (110 AD2d 146), held that such an appeal does not lie even with permission. This Court, in *Matter of Cammarota v Bella Vista Dev. Corp.* (88 AD2d 703), held that an appeal from an order of County Court which affirms an order of a lower court cannot be brought to the Appellate Division without first obtaining permission.

In view of the order of Supreme Court, which is still in effect and which canceled the lease and the contract, we decline to grant respondent permission to appeal *sua sponte* and, accordingly, dismiss the appeal.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the appeal is dismissed, without costs.