MAX GLUCKSELIG and Another, etc., Plaintiffs, *v.* H. MICHAELYAN, INC., Defendant.

Supreme Court, New York County, September 15, 1928.

Pleadings — complaint — answer — summons was served without complaint on August 7, 1928 — five days later plaintiffs left copy of complaint at defendant's place of business — defendant appeared by attorney on August 27, 1928, and asked for extension of time to answer, which was denied — complaint not properly served — attempt to serve answer on September 6, 1928, was in time.

The plaintiffs instituted this action by the service of a summons without the complaint on August 7, 1928, and five days later, before notice of appearance was served, they left a copy of the complaint at defendant's place of business. On August 27, 1928, the defendant appeared by an attorney, made the usual demand that copies of all papers in the action be served, and asked for an extension of time to answer, which was not granted. On September 6, 1928, the defendant endeavored to serve an answer, but it was not accepted and judgment was entered by default. The present motion is to vacate the judgment.

The plaintiffs did not have the right to serve the copy of the complaint after the service of the summons, until service of notice of appearance by the defendant. Therefore, the complaint, itself, was not properly served.

The contention that the defendant, which appeared within twenty days after the service of the summons, waived the requirement of the service of a copy of the complaint by asking for an extension of time, does not aid the plaintiffs, for if such waiver arose, it can date only from the time on or after August twenty-seventh when the attorney for the defendant had knowledge of the contents of the complaint. If plaintiffs rested their case upon the complaint irregularly served, defendant's answer was served within time, since it had twenty days from August twenty-seventh, the earliest date on which a receipt of the complaint can be presumed.

MOTION by defendant to vacate judgment by default.

*Paskus, Gordon & Hyman,* for the plaintiffs.

*Alexander Holtzoff,* for the defendant.

VALENTE, J. Defendant seeks to vacate a judgment by default entered in the action on the ground that plaintiff had no right to enter the same. The question involved is unique. The action was commenced by the service of a summons with notice on August 7, 1928. Five days later, and before any notice of appearance was served, plaintiffs left a copy of the complaint at defendant's place of business. On August 27, 1928, defendant appeared by an attorney, with the usual demand, asking that copies of all papers in the action be served on him. The attorney appearing also seems to have sent a stipulation requesting an extension of the time to answer, but no extension was granted. On September 6, 1928, he endeavored to serve a copy of the answer, but this was

not accepted, a judgment was entered and the sheriff sent to make a levy. The central questions in the case are whether the service of a copy of the complaint by leaving it at the place of business of the defendant was a proper service or whether personal service upon the defendant of the complaint was essential, and whether a complaint may be served after the service of the summons before notice of appearance by defendant.

In *Paine* v. *McCarthy* (1 Hun, 78) the defendant was served with a summons on June seventeenth and on June nineteenth a copy of the complaint was left in his office. The defendant did not put in a notice of appearance and demand, but on July ninth, twenty days after the complaint was left at his office, he served an answer. The court held that defendant was in default for not having appeared within twenty days after the service of the summons. While the facts in the instant case are not the same, they throw some light upon the present question. The court evidently disregarded the service of the complaint at the office of the defendant, and ignored that part of the proceeding, insisting upon compliance with the terms of the mandate contained in the summons. The language of the summons (Rules Civ. Prac. rule 45) requires the defendant " to answer the complaint in this action and to serve a copy of your answer [if the complaint is served with the summons], or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty days * * *." I have interpolated the words in brackets to show that they are a natural ellipsis which may be supplied, in view of the language that follows. This being so, there are only two ways in which an answer to a complaint may be compelled within twenty days, *first*, by serving the complaint *with* the summons; *second*, by serving the complaint within twenty days after the notice of appearance. In the latter case personal service of the complaint is not required. (Rules Civ. Prac. rule 20.) The plaintiffs here adopted neither alternative, and the attempted service of the complaint by leaving it at the office of the defendant nine days after the service of the summons, and before the service of the notice of appearance, must be treated as a nullity. The complaint thus served may be regarded as an informal notification to the defendant of plaintiffs' grievance. It would in nowise bind them to serve the identical complaint upon the attorney in response to the notice of appearance, nor would a different complaint served in response to such notice constitute an amended complaint, so as to bar plaintiffs from the privilege of amending as of course.

The consideration of the form of a complaint necessarily leads

to this conclusion. The pleading contains no mandate, and it does not in its language express the length of time in which the defendant has to answer. This mandate, as already said, is found in the words of the summons, and it only exacts the obligation to answer, if the complaint is served with the summons or if it is served in accordance with the demand in the notice of appearance.

In *Sweet* v. *Sanderson Brothers Steel Co.* (6 Civ. Pro. 69) it was held that a complaint served after the summons and before notice of appearance by the defendant was not in accordance with the statute. The case, while a Special Term decision, was cited with approval in *Crouse* v. *Reichert* (61 Hun, 46). It is to be observed, too, that the service of the complaint was held irregular, notwithstanding the fact that it was made personally upon the defendant after previous personal service of the summons.

Plaintiffs argue that defendant has waived the requirement of service of a copy of the complaint in response to the demand in the notice of appearance by requesting through its attorney an extension of time to answer. Even if this be so, such waiver can only date from the time, on or after August twenty-seventh, when such attorney had knowledge of the contents of the complaint. It may be assumed that plaintiffs rest their case upon the pleading irregularly served, and that defendant's attempted answer on September sixth constitutes an acknowledgment of the receipt of a copy of the complaint. But the earliest date on which such receipt can be presumed is August twenty-seventh. By attempting to answer on September sixth, defendant was well within the twenty-day period.

The motion to vacate the judgment is granted, with ten dollars costs, and plaintiffs directed to accept a copy of the proposed answer, date of joinder of issue to be as of September sixth. Settle order.