■ Shirley Arden et al., Respondents, v. Loew's Hotels, Inc., Defendant, and City Squire Motor Inn, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered in Tompkins County, which denied a motion to vacate and set aside a default judgment. This personal injury action was commenced by service of a summons containing the following statement: " Take notice, that pursuant to the foregoing summons, upon your default, judgment will be taken against you for the sum of $50,000 with appropriate interest, together with the costs and disbursements of this action." No complaint was ever served and the defendants failed to appear in the action. A default judgment was entered after inquest pursuant to CPLR 3215 (subd.

[e]). The order is reversed and the judgment vacated. While the summons contains a notice of the amount of unliquidated damages sought, it fails to set forth the object of the action as required by CPLR 305 (subd. [b]). That requirement is jurisdictional (*McDermott* v. *Hoenig,* 32 A D 2d 838). Order reversed, on the law and the facts, and motion granted, without costs. Staley, Jr., Sweeney, Simons and Kane, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum. Herlihy, P. J. (dissenting) : The appellant moved to vacate the default judgment upon the sole ground that it was void because the entering court did not have jurisdiction to issue the same. Pursuant to CPLR 3215 a default judgment without notice may only be entered on behalf of a plaintiff when a summons and complaint or a summons with notice (CPLR 305) have been served, when the basis of default is a failure of appearance by the defendant. It has been held that where an ex parte default judgment is entered by the clerk of a court for failure of appearance by the defendant, the judgment is jurisdictionally defective unless entered upon a summons and complaint or a summons with notice duly served upon the defendant (*McDermott* v. *Hoenig,* 32 A D 2d 838; *Malone* v. *Citarella,* 7 A D 2d 871). However, in the present case there was a notice and, in terms of damages demanded, the notice certainly advised the defendant of a serious claim being asserted. CPLR 3215, as applicable to the appeal, requires in subdivision (e) that the applicant for a default judgment " file proof of service of * * * a summons and notice served pursuant to subdivision (b) of rule 305 ". CPLR 305 (subd. [b]) provides in part as follows: " the summons may contain or have attached thereto a notice stating the object of the action and the relief sought, and, in an action for a sum certain or for a sum which can by computation be made certain, the sum of money for which judgment will be taken in case of default." It seems apparent that the notice herein served with the summons was served pursuant to CPLR 305 (subd. [b]). The notice adequately sets forth the relief sought in the action as seeking money damages but fails to recite the object of the action (cf. 22 NYCRR Appendix A-2, Form 3). The primary legal issue is whether or not the failure to recite in the notice that the relief sought was for personal injuries precludes an ex parte default judgment pursuant to CPLR 3215. *McDermott* v. *Hoenig* (*supra*) and *Malone* v. *Citarella* (*supra*) would appear to be inapposite to the present situation as in these cases the memorandums by the court recite that there was no notice served with the summons. It is not disputed that in the present case a notice pursuant to CPLR 305 was served, the question being the legal effect of its prima facie inadequacy. CPLR 305 (subd. [b]) and CPLR 3215 were amended by chapter 749 of the Laws of 1965 to permit default judgments when there is a default in appearance to be obtained ex parte without service of a complaint. The requirement of notice of the nature of the action and the relief demanded would adequately safeguard against a default where the defendant had no idea of what the summons was for and what damages he might incur. The fundamental requirement of the notice upon the face of the statute is to ensure awareness on the part of the defendant. Special Term found that the defendant-appellant was amply aware of the nature and the object of the action when the summonses were served. Since a notice was given pursuant to CPLR 305, it does not appear that the court was without power to entertain the application for default judgment as that is all that is required by CPLR 3215. There is no patent jurisdictional defect involved in regard to the default judgment. The remaining question would be whether or not the judgment should be vacated because of excusable default. In this regard the lack of specific notice of the basis of the action was not prejudicial as was found by Special Term. The papers submitted

by defendant show no basis for a vacatur of the judgment. The order appealed from should be affirmed, with costs.