■ LONG MFG. NC, INC., Appellant, v AMES SUPPLY COMPANY et al., Respondents.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Genesee County for further proceedings in accordance with the following memorandum: This action was commenced to recover a balance due on an open account between a manufacturer and his dealer. The summons with notice was served upon defendants personally, and when they failed to appear a judgment was entered by the clerk upon submission of appropriate proof. Special Term vacated the judgment because the summons failed to state the object of the action (see *Arden v Loew's Hotels,* 40 AD2d 894). The summons in this action contained a notice that upon default judgment would be taken for $11,433.50, "a sum certain" or "a sum which can, by computation, be made certain" (CPLR 305, subd [b]). The case is, therefore, distinguishable from *Arden v Loew's Hotels (supra)* which involved unliquidated damages. Accordingly, the failure to state the object of the action in this case was not a jurisdictional defect and the clerk was authorized to enter judgment according to the notice as supported by plaintiff's proof (CPLR 3215, subd [e]; see McLaughlin, Practice Commentary, McKinney's Cons. Laws of NY Book 7B, CPLR 305, pp 177–178; 1 Weinstein-Korn-Miller, NY Civ Prac, par 305.12, pp 3-134–3-135). The application to vacate the judgment contained sworn affidavits which contradicted the date of service contained in the affidavit of the process server and in which it was claimed that the judgment was entered before the default occurred. This issue of fact should be determined at Special Term. The judgment is reinstated and should stand unless upon remand this issue is resolved against plaintiff (see *Treitel v Arnold Chait, Ltd.,* 20 AD2d 711). (Appeal from order of Genesee Special Term in action upon account stated.) Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES ANTHONY PIAZZA, Respondent.—Appeal unanimously dismissed. Memorandum: For the reasons stated in *People v Gesegnet* (47 AD2d —), CPL 450.20 (subd 2) is violative of the double jeopardy provisions of the United States and New York State Constitutions. There is therefore no valid authority for the appeal by the People from the order of dismissal granted by the trial court pursuant to section 290.10 of the statute. (Appeal from order of Chautauqua County Court dismissing indictment charging defendant with criminally negligent homicide.) Present—Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.