■ HELAINE E. FISHMAN, Respondent, v ALVIN FISHMAN, Appellant.— In an action in which a judgment of the Supreme Court, Nassau County, granting plaintiff a divorce, was entered on April 27, 1973, defendant appeals from (1) an order of the same court, dated November 4, 1974, which,

*inter alia,* on a cross motion by defendant to vacate the judgment, modified the judgment to the extent of directing that the judgment be deemed a judgment of separation rather than one of divorce and (2) an order-judgment of the same court, entered December 30, 1974, which, on a motion by plaintiff, granted her a recovery of $14,205 for arrears of alimony and child support, plus $250 for counsel fees. Order and order-judgment reversed, on the law, without costs; motions by plaintiff which resulted in said order and order-judgment denied; defendant's motions to vacate the judgment of divorce granted; judgment of divorce vacated; and action dismissed. The summons in the action which was served upon defendant was entitled "Action for a Separation" and contained a notice that the relief sought was a judgment of separation. The complaint was not served upon defendant, but was presented at the inquest divorce trial held some months later. The relief sought in the complaint was "for judgment divorcing" the parties. As hereinabove stated, plaintiff was granted a judgment of divorce, a judgment which this court holds was made without jurisdiction (see Domestic Relations Law, § 232) and is null, void and without legal effect *(Arden v Loew's Hotels,* 40 AD2d 894; *McDermott v Hoenig,* 32 AD2d 838; *Kamp v Kamp,* 59 NY 212; cf. *Apploff v Apploff,* 55 Misc 2d 781). All efforts to correct the null and void judgment, including the court's *nunc pro tunc* amendment of the summons which incidentally deprived defendant of due process, and the court's effort to "deem" its divorce judgment a separation judgment, were invalid, the court having had no jurisdiction of a divorce action. Without any divorce or separation judgment, the court had no authority to award child support or alimony, but there was insufficient evidence for such awards even had there been jurisdiction. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.