■ A. J. ECKERT CO., INC., Appellant, v GEORGE A. FULLER CO., INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered March 3, 1975 in Albany County, which vacated a default judgment taken by plaintiff against defendant. Plaintiff, a subcontractor, sued defendant, the general contractor under a construction contract to recover a balance due under the contract and for damages for breach thereof. The action was started by serving a summons without a complaint on defendant on November 1, 1973. Indorsed on the summons below the caption of the action is the following: "Claim for the balance due under a contract and damages for breach thereof." After defendant failed to appear in the action, plaintiff applied to the court for a judgment by default pursuant to CPLR 3215 (subd [b]). The court took proof and granted plaintiff a judgment for $272,433.54, which was entered in Albany County on December 13, 1974. Defendant moved by a show cause order to have the judgment vacated. Special Term vacated the default judgment and granted defendant 10 days to appear or move. The notice of object of action fails to comply with the requirements of CPLR 305 (subd [b]) as it fails to set forth the relief sought. The notice must contain a statement of the sum for which judgment will be taken in case of default. This conclusion is mandated by CPLR 3215 (subd [b]) which provides in a proceeding before the court to enter a default judgment that, "The judgment shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305." The requirement is jurisdictional and

precluded entry of the default (CPLR 3215, subd [b]; *Arden v Loew's Hotels,* 40 AD2d 894; *McDermott v Hoenig,* 32 AD2d 838). Except for this jurisdictional requirement, we would have reversed the order because defendant failed to demonstrate excusable default (CPLR 5015, subd [a], par 1). The record does not justify defendant's conclusion that plaintiff had abandoned his action. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.