■ ANNA REEVES, Respondent, v DONALD REEVES, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 10, 1976 in Tompkins County, which denied defendant's motion to vacate certain portions of a judgment of divorce. The defendant does not seek to disturb the judgment insofar as concerns the granting of a divorce, but contends that the portions of the judgment that awarded counsel fees and possession of the marital home and personal property contained therein should be vacated on the ground that the court lacked jurisdiction to make such awards. The action was commenced by service of a summons only personally on the defendant with the legend "Action for Absolute Divorce" printed upon the face of the summons. Following defendant's default in appearance, proof was taken in support of the allegations of the complaint filed with the court, charging cruel and inhuman treatment of the plaintiff by the defendant, and a judgment of divorce was granted to the plaintiff. Included in the judgment of divorce was an award to the plaintiff for counsel fees and the exclusive possession of the marital home. On this motion, defendant contended at Special Term, and now contends on this appeal from the denial of his motion to vacate the latter portion of the judgment that, since he was not given notice that such additional relief was being sought by the plaintiff, the court was without jurisdiction to grant it. It is clear that when a matrimonial action is commenced by service of a summons without a complaint it is required only that the defendant be given notice of the nature of the action or the type of matrimonial action instituted against him by inscribing "Action for a divorce", etc., as the case may be, upon the face of the summons (Domestic Relations Law, § 232, subd a). While the summons served upon the defendant refers only to the fact that it is an "Action for a divorce", it does not follow that the court's jurisdiction is thereby circumscribed and confined to the grant of that bare relief alone. Invariably, when it is sought to terminate the marital relationship, the court must necessarily give consideration to and dispose of questions relating to the support and maintenance of the wife. As an appropriate safeguard for the rights of the parties, it would unquestionably be desirable to require that the summons served on the defendant in a

matrimonial action also alert him to the fact that the plaintiff is seeking collateral relief such as was granted here. However, it is for the Legislature, not the courts, to legislate. Where, as here, plaintiff has fulfilled the requirements of section 232 of the Domestic Relations Law, the defendant cannot by his deliberate failure to appear or answer deprive her of the rights to which she may be entitled upon the granting of the divorce *(Giella v Giella,* 55 Misc 2d 727). The court is vested with wide discretion in determining questions of support and maintenance, as well as questions of counsel fees and occupancy or possession of the marital home, as an incident to an action for divorce (Domestic Relations Law, §§ 234, 236, 237). The same rationale governing the power of the court to award alimony in an undefended matrimonial action applies to the right of the wife to an award of counsel fees under section 237 of the Domestic Relations Law. The award to plaintiff of the exclusive possession of the marital home is as much a part of support as is a monetary award granted in the judgment of divorce *(Capelli v Capelli,* 42 AD2d 905, 906). In addition, section 234 of the Domestic Relations Law specifically provides that the court may in its discretion make such direction in the final judgment of divorce concerning possession of the property as justice requires. In view of the foregoing, we conclude that the court had jurisdiction to grant the relief herein, and there is no merit to defendant's claim that he has been deprived of property without due process of law. Nor are we persuaded that there was a failure to give notice of the object of the action and the relief sought, as required by CPLR 305 (subd [b]). Our holding in *Arden v Loew's Hotels* (40 AD2d 894) is inapposite since a default judgment was entered therein without setting forth the object or nature of the action. *Fishman v Fishman* (48 AD2d 828) also relied on by the defendant, is not dispositive of the issue before us, since the summons served therein misstated the type or nature of the matrimonial action commenced. Order affirmed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.