■ ALFRED N. MANTELL, Respondent, v SERVIDONE CONSTRUCTION CORPORATION, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 19, 1976 in Ulster County, which denied a motion by defendant to vacate a default judgment taken against it by plaintiff and permit it to interpose an answer. This action was commenced by plaintiff to recover for property damage allegedly sustained by plaintiff as the result of blasting activities performed by the defendant. The action was commenced by service of a summons without a complaint upon the Secretary of State on February 24, 1975. Indorsed on the summons is the following: "Notice: The object of this action is Negligence, Property Damage. The relief sought is Damages." The Secretary of State forwarded a notice of the action addressed to the defendant at 916 Congress Street, Schenectady, New York. Approximately 15 years earlier, defendant had moved its office to 1366 Route 9, Castleton, New York. The defendant acquired knowledge of the action on May 10, 1976, the day the inquest was held by the court, which resulted in a judgment in the amount of $15,894.20. Defendant, on June 16, 1976 moved, by a show cause order, to have the judgment vacated, and for leave to serve and file an answer. Special Term denied the motion. "The notice of object of action fails to comply with the requirements of CPLR 305 (subd [b]) as it fails to set forth the relief sought. The notice must contain a statement of the sum for which judgment will be taken in case of default. This conclusion is mandated by CPLR 3215 (subd [b]) which provides in a proceeding before the court to enter a default judgment that 'The judgment shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305.' The requirement is jurisdictional and precluded entry of the default (CPLR 3215, subd [b]; *Arden v Loewe's Hotels,* 40 AD2d 894; *McDermott v Hoenig,* 32 AD2d 838.)" *(Eckert Co. v Fuller Co.,* 51 AD2d 844.) Accordingly, Special Term should have granted defendant's motion. Order reversed, on the law and the facts, without costs, and motion granted. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.