OPINION OF THE COURT
Richard F. Kuhnen, J.
On July 18, 1979 the court granted a decree of divorce to the plaintiff by default. The decree granted child custody to *864 the wife, child support of $40 per week, and referred to the Family Court the issue of alimony. The defendant moves to vacate the reference and to set aside an award of alimony by the Family Court.
The action was commenced by the service of a summons without the complaint. The summons contained the notice required by subdivision a of section 232 of the Domestic Relations Law as to the nature of the action but failed to include mention of alimony in the notice "of any ancillary relief requested”. Nor did the complaint demand such relief.
The defendant filed a notice of appearance, acknowledged receipt of a copy of the summons and complaint, stipulated that he did not wish to contest the action and waived notice of any further proceedings.
The proposed judgment, which the court signed, contained a provision that "the Family Court of the State of New York, County of Broome, shall have future jurisdiction over all matters pertaining to custody, support, alimony or visitation, and shall make such further decrees with respect to custody, alimony, support or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it”. (Emphasis supplied.)
An application was thereafter made to the Family Court of Broome County and that court awarded plaintiff, among other things, the sum of $25 per week alimony. Defendant appeared in that proceeding in person and by counsel and did not raise any issue there as to the right of this court to refer the question of alimony or of the Family Court to decide it. Nor was any appeal taken from that order and the time to do so has expired. Defendant complied with the order and made payment of alimony. He now moves to set aside so much of the decree as gives the Family Court jurisdiction of the matter of alimony and to vacate the Family Court decree in that respect claiming that he agreed to default upon plaintiffs promise not to seek alimony. His written stipulation consenting to submission of proof by plaintiff contains no reference to such promise.
Subdivision a of section 232 of the Domestic Relations Law directs that unless the summons contains both notices, nature of the action and ancillary relief requested (where it is served without the complaint), "[a] judgment shall not be rendered in favor of the plaintiff upon the defendant’s default”.
The requirement that the summons "specify the nature of *865 any ancillary relief requested” was added by chapter 528 of the Laws of 1978 (§ 6, eff Jan. 1, 1979), upon the suggestion made in Reeves v Reeves (57 AD2d 661), to permit the very type of challenge made here, when the notice is lacking.
Defendant does not challenge the jurisdiction of the court to make the decree, only of that portion thereof which refers to Family Court the matter of alimony. Even if he did, it is doubtful whether the decree once made could be subject to challenge as to "the competence of the court to adjudicate the cause” (Lacks v Lacks, 41 NY2d 71, 73).
The purpose of the requirement of such notice is to give the defendant an opportunity to oppose the ancillary relief requested, if he so desires. That purpose was accomplished here as he had more than one such opportunity. He presumably was served with a copy of the judgment and could have moved at that time to vacate the reference to Family Court of the matter of alimony. He was served with notice of the application to Family Court and in fact appeared there in person and by counsel and was afforded full opportunity of challenge.
He had an opportunity to appeal from the Family Court decree and failed to do so. He should not be heard now to complain of lack of notice.
It should be pointed out that even if a summons or complaint fails to ask for alimony the court has power under section 236 of the Domestic Relations Law in an appropriate case to make provision for alimony "before or subsequent to final judgment” and "upon such notice to the other party and given in such manner as the court shall direct”. This, in effect, is what occurred here, by the Family Court, on reference.
The motion is therefore denied.