OPINION OF THE COURT
Howard Miller, J.
The respondent’s motion is brought on to dismiss the proceeding on the ground that the Family Court lacks jurisdiction. The case is before this court by way of a Supreme Court referral of June 26, 1980 of the issues of alimony, child support, payment of debts, necessaries, exclusive possession of the marital home, title and possession of real and personal property, custody, visitation and counsel fees.
In the divorce proceeding before the Supreme Court, the summons was served upon the respondent on March 7, 1980. The summons set forth that the relief sought was a “Divorce”. No ancillary relief was requested in the summons which was served without a copy of the complaint being attached. Section 232 of the Domestic Relations Law by recent amendment (L 1978, ch 528, eff Jan. 1, 1979) specifically provided that “ [summons] shall specify the nature of any ancillary relief demanded * * * unless * * * a copy of the complaint [was] personally delivered to the *591 defendant” (emphasis supplied). The complaint was subsequently served on June 3, 1980 and did request the ancillary relief referred to the Family Court by the Supreme Court in the divorce decree dated June 26, 1980, which decree is the subject of the present application.
The Supreme Court is without authority to refer the issues of the ancillary relief sought, the petitioner having failed- to comply with requirement of section 232 of the Domestic Relations Law, concerning the specification of the ancillary relief. This decision does not preclude petitioner from any rights which she may have within the jurisdiction of the Family Court.
Accordingly, the motion to dismiss the proceeding in Family Court is granted. This decision shall be entered as an order of the court.