OPINION OF THE COURT
Richard F. Kuhnen, J.
Motion by defendant to strike from divorce judgment herein direction referring all matters having to do with maintenance to the Family Court of the State of New York. The judgment was obtained by default on January 16, 1981, service upon defendant having been made by a summons with notice of the nature of the action but no notice of any request for ancillary relief of maintenance, as required by subdivision a of section 232 of the Domestic Relations Law.
The basis of the motion is that by reason of failure to apprise defendant that maintenance would be requested the court had no jurisdiction to make the order complained of. (See Butler v Butler, 105 Misc 2d 590.)
In opposition, plaintiff cites Gitlitz (Uncontested Divorces and Annulments in New York, p 23) to the effect that in such case “it would seem that the court would have to grant the motion in the absence of actual notice or some estoppel”. Such actual notice is claimed to exist by reason of an abortive petition by plaintiff in the Family Court of *569 Tioga County on November 18, 1980. In view of the fact that this was after the institution of the divorce action on October 25, 1980, but before the entry of the judgment, on January 16, 1981, it was notice to defendant that plaintiff was claiming maintenance, even though in a different proceeding. In addition, plaintiff alleges that up to the time the action was commenced, defendant was contributing to plaintiff’s support under a verbal agreement and that she had advised defendant that she would seek support in any divorce action.
The court holds that the motion should be denied but without deciding whether defendant had actual notice of plaintiff’s request for maintenance or whether defendant should be estopped from claiming lack of notice. The provision of the judgment to which defendant objects did not make any award of maintenance to plaintiff, but merely referred the issue to the Family Court where defendant will have due notice of any request for maintenance and full opportunity to oppose the request.
It has also been suggested by plaintiff’s counsel that under the provisions of section 236 (part B, subd 6) of the Domestic Relations Law, the court has power on its own motion to make provision for maintenance notwithstanding failure of plaintiff to request such ancillary relief on the summons where, as here, served alone, and except where provision for maintenance has been made in a separation agreement, which is not the case here. This is undoubtedly true under section 240 of the Domestic Relations Law when custody or support of children is a concern, but is questionable as to maintenance, a question upon which we find it unnecessary at this time to render any opinion.
The requirement in subdivision a of section 232 of the Domestic Relations Law that the summons “specify the natur.e of any ancillary relief demanded” was included by the Legislature, acting on the suggestion in Reeves v Reeves (57 AD2d 661) to overcome the objection by a defendant of lack of notice. Although the penalty prescribed by the section for failure to include the notice is that “[a] judgment shall not be rendered in favor of the plaintiff upon the defendant’s default in appearing or *570 pleading” (Domestic Relations Law, § 232, subd a), defendant here is not objecting to the judgment of divorce itself, but merely to the direction as to maintenance. As pointed out, the reference of that issue will give him full notice of and opportunity to contest the demand and thus complies with the purpose of the amendment. To this extent we differ with the result reached in Butler v Butler (supra) that failure to mention maintenance on a summons deprives the court of jurisdiction even to refer that issue to Family Court. We are of the opinion that the court was not therefore deprived of jurisdiction of the issue and could have decided that issue itself although only on due notice to defendant.
The motion of defendant is accordingly denied.
Plaintiff’s cross motion for an order directing defendant to execute an instrument conveying his joint interest in a mobile home, in accordance with the terms of the separation agreement between the parties, is denied. The terms of the agreement were not made part of the divorce decree and the plaintiff is therefore relegated to a plenary action to enforce them.