■ MICHAEL J. CIASCHI, Appellant, v TOWN OF ENFIELD et al., Respondents, et al., Defendants. — Appeals (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered November 14, 1980 in Tompkins County, which granted defendant Town of Enfield's motion to dismiss the action as against it, and which denied plaintiff's cross motion for leave to amend the summons or to commence a new action, (2) from an order of said court, entered December 4, 1980 in Tompkins County, which granted defendant Wesley Rolfe's motion to dismiss the action as against him, and (3) from an order of said court, entered Feburary 27, 1981 in Tompkins County, which, *inter alia,* granted defendants' motion to dismiss and denied plaintiff's cross motion for a default judgment. Although the third appeal described above has not been formally consolidated with the other two, we will consider them together since they arise out of the same transaction and involve related issues. In August, 1980, following an accident on May 27, 1979, plaintiff attempted to commence an action to recover damages for injuries sustained in an automobile accident against defendant Town of Enfield and defendant Rolfe, the town's highway superintendent, by service of a summons alone.[*] The summons did not indicate the nature of the action, the relief sought or the sum of money for which judgment would be taken in case of default. By separate orders, Special Term dismissed the actions as against both the defendant town and defendant Rolfe, denying plaintiff's cross motion for leave to amend the summons or commence a new action. Plaintiff appealed and, while these appeals were pending, attempted to commence a second action against those defendants by service of a summons and verified complaint on each defendant. Special Term dismissed this second action and denied plaintiff's cross motion for a default judgment, and plaintiff also appealed from the resulting order. Pursuant to CPLR 304 an action is commenced and jurisdiction acquired by service of a summons. Prior to

_____

[*] Previously, the plaintiff had timely filed the notice of claim required by section 50-e of the General Municipal Law.

January 1, 1979, CPLR 305 (subd [b]) provided that if the complaint is not served with the summons, the summons *may* contain a notice stating the object of the action, the relief sought and, in certain cases, the sum of money for which judgment may be taken in case of default. The failure to comply with the permissive notice provision of CPLR 305 (subd [b]) was held to preclude a plaintiff from taking a default judgment (*A. J. Eckert Co. v Fuller Co.,* 51 AD2d 844; *Arden v Loew's Hotels,* 40 AD2d 894). By the Laws of 1978 (ch 528, § 1) (eff Jan. 1, 1979), CPLR 305 (subd [b]) was amended to provide that where a summons is served without the complaint it *shall* contain a notice stating the nature of the action, the relief sought, and, except in an action based on medical malpractice, the sum of money for which judgment may be taken in the case of default. In view of this legislative change from a permissive to a mandatory notice provision, we hold that the complete absence of any notice is a jurisdictional defect (*Premo v Cornell,* 71 AD2d 223, 224), and that the defect renders the summons insufficient not only for the purposes of taking a default judgment but also to obtain jurisdiction over the defendant and commence the action. Accordingly, Special Term properly granted defendants' motions to dismiss for lack of personal jurisdiction. Since the summons was insufficient for the purposes of obtaining jurisdiction and commencing the action pursuant to CPLR 304, Special Term properly denied plaintiff's cross motion for leave to commence a new action under the extension provisions of CPLR 205 (subd [a]) (see *Carrick v Central Gen. Hosp.,* 51 NY2d 242, 249). For the same reason, Special Term properly denied plaintiff's application for leave to amend the summons. Turning to the second action, we agree with Special Term that dismissal is required. Plaintiff concedes that this second action is timely only if he is entitled to the benefit of the extension provisions of CPLR 205 (subd [a]), and having sought and been denied leave to commence a new action pursuant to this statute in response to defendants' motions to dismiss in the prior action, plaintiff is estopped, under the doctrine of issue preclusion, from relitigating the issue in the context of another action (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.*], 43 NY2d 184). Finally, under the circumstances presented here, we reject plaintiff's contention that Special Term erred in denying his motion for judgment by default in the second action. Although defendants' motion to dismiss was not made until the twenty-first day after service of the summons and complaint, the pending appeal in the prior case and the initial uncertainty as to the date of service provide an excuse for this one-day default, and defendants clearly have a meritorious defense. Accordingly, we see no reason to disturb Special Term's ruling. Orders affirmed, with one bill of costs to respondents. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.