OPINION OF THE COURT
Jeffrey G. Stark, J.
In 1978, CPLR 305 (subd [b]) was amended to require that every summons served without a complaint must contain a “notice stating the nature of the action and the relief sought”. The issue of first impression here presented is whether a plaintiff can avoid dismissal of his summons (and a possible bar on refiling due to the expiration of the limitation period) where he has attempted to describe on his summons the “nature of the action” but has utterly failed in so doing. While there is logic to the argument that service of a summons containing a defective notice is, in *46 effect, the equivalent of a bare summons and therefore is a jurisdictional nullity, for the reasons that follow the court holds that a defective notice constitutes a mere irregularity which does not divest the court of jurisdiction over the defendant.
It appears from the papers before the court that the plaintiff was injured in the parking lot of Korvettes Department Store, owned by defendant Arlen Realty and Development Corp., when he was struck by a car as he went to the assistance of another car which had mounted the curb while entering the parking lot. It is alleged that the accident was due, at least in part, to Arlen’s negligence in so operating the parking area as to cause motor vehicles to enter “in a difficult and hazardous area.”
Plaintiff instituted several actions naming different defendants by the service of summonses demanding $1,000,000 in damages. Each summons contained a “notice” setting forth the nature of the action thusly: “Motor vehicle negligence; ownership, maintenance, management and repair of premises.”
Defendants now move to dismiss plaintiff’s actions on the ground that the summonses are a “jurisdictional cipher” (see McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, CPLR C305:3, p 126), because they do not give notice of the “nature of the action” as CPLR 305 (subd [b]) requires they do. Since the moving defendants have neither appeared nor demanded the complaint, they have not waived this jurisdictional claim. (Cf. Bal v Court Employment Project, 73 AD2d 69; Aversano v Town of Brookhaven, 77 AD2d 641; see Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR C3012:l, p 81.)
This controversy arises from the 1978 CPLR amendment which eliminated the use of a bare summons. Prior to 1978, our practice permitted the institution of an action by service of a bare summons without attached complaint or any other notice. However, this right was often illusory, since a default judgment could not be taken unless a notice was contained in the summons (McDermott v Hoenig, 32 AD2d 838), nor could a plaintiff serve a complaint upon a *47 defendant who neither appeared nor made a demand therefor. (Gluckselig v H. Michaelyan, Inc., 132 Misc 783, affd 225 App Div 666.)
To overcome “[t]he trap laid by CPLR 305 (b) for lawyers who rely on the permissive language of the rule”, the Judicial Conference recommenced to the Legislature in 1978 (Twenty-Third Ann Report of NY Judicial Conference, 1978, p 273) that it amend the CPLR to require that a summons “shall” (rather than “may”) contain a notice stating the nature of the action. This change, it was recommended, would not only protect “the unwary [plaintiff]” but would also “assure the defendant at least basic information” (op. cit., p 275). The authors of the Judicial Conference Report presaged the issue here presented. They wrote (op. cit., p 277): “Finally, the question may be asked whether a deviation from the notice standards prescribed by rule 305 (b), as proposed to be amended, would constitute a jurisdictional defect or a mere irregularity. The complete absence of any notice would certainly constitute a jurisdictional defect * * * (see McDermott v. Hoenig, 32 A.D.2d 828 (2d Dept 1969)). In accordance with present practice, the court would have to determine whether a defective notice is correctible or, under the circumstances of a particular case, renders the summons jurisdictionally void for purposes of a default proceeding.”
The question of whether the summonses at issue are jurisdictionally defective is not easily decided, since the old cases, including McDermott (supra), address the so-called jurisdictional issue only in the context of a default application. (See, also, Arden v Loew’s Hotels, 40 AD2d 894; Eckert Co. v Fuller Co., 51 AD2d 844.) The question there presented is whether a judgment can be entered against a defendant given insufficient warning as to the nature of the proceeding against him. In sharp contrast, the question here is simply whether sufficient jurisdiction has been obtained over the defendants so as to avoid the bar of the Statute of Limitations and permit an amendment which does give proper notice.
Since the 1978 amendments to the statute, the Third Department has ruled in Premo v Cornell (71 AD2d 223, 224) that the absence of a monetary amount in a summons *48 (which is now also required by CPLR 305, subd [b]) is a mere correctable irregularity. In a subsequent decision, however, which echoed the suggestion contained in the Judicial Conference Report quoted above, it held that the failure to include any notice at all in a summons (either as to the relief sought or the amount demanded) rendered the summons “insufficient not only for the purposes of taking a default judgment but also to obtain jurisdiction over the defendant and commence the action.” (Ciaschi v Town of Enfield, 86 AD2d 903.)
Although the differing results in Premo (supra) and Ciaschi (supra) are difficult to harmonize as a matter of logic, they do meet the dual practical concerns expressed by Professor Siegel in his 1978 Practice Commentary to McKinney’s CPLR (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, CPLR C3021:1, pp 112-113) that, on the one hand, “[t]he consequence of a dismissal is a high price for what would seem an innocent omission in the practice of even a conscientious but fallible lawyer” and that, on the other, “carelessness * * * would be encouraged if the bar were to know that a summons served alone results in nothing more than permission to serve appropriate additional papers later.”
Professor Siegel’s analysis of the competing public policies at issue has been restated both by the First and Second Departments. (See Bal v Court Employment Project, 73 AD2d 69, supra; Aversano v Town ofBrookhaven, 77 AD2d 641, supra.) It thus appears to be the rule that as long as an attorney makes some effort to comply with the statutory notice requirement, he will obtain jurisdiction over the defendant. In such cases, the liberal amendment provision contained in CPLR 305 (subd [c]) can be invoked by the court to give appropriate notice to the defendant unless, of course, the defendant can show that a “substantial right * * * is * * * prejudiced.” Indeed, given this liberal amendment policy, and given the fact that the 1978 amendment was primarily intended to protect unwitting plaintiffs, it is questionable whether any defect in the summons should be deemed to deprive the court of in personam jurisdiction absent a showing of actual prejudice, which showing is *49 ordinarily required with respect to other defects in the summons (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C305:4, p 178, citing Jet Age Knitwear Mach. Corp. v Philip, 22 AD2d 674; see, also, Ryan v Nationwide Mut. Ins. Co., 20 AD2d 270 [motion to amend summons after Statute of Limitations has run granted on ground defendant fairly apprised that a judgment was being sought against it]).
On the present motion, it cannot be said the summons contains no notice, nor have the moving defendants attempted to show any actual prejudice by reason of the unfelicitous amalgam of words placed together on the summons. Accordingly, the defendants’ motions are denied and the plaintiff’s cross motion to amend is granted.