Meyer, J.
(dissenting). Plaintiffs served defendant within the governing limitation period with summonses which neither contained notice of the nature of the action nor the relief demanded but which clearly apprised defendant that plaintiffs sought to litigate a claim against him in Supreme Court and furnished him with their names and address as well as the name, address and telephone number of their attorney. The majority holds the absence of a complaint and of such notice is a jurisdictional defect and that plaintiffs, therefore, are not entitled to the benefit of the tolling provision of CPLR 205 (subd [a]). It does so on the basis of the one word change in CPLR 305 (subd [b]) made by chapter 528 of the Laws of 1978, and notwithstanding (1) legislative history showing that the amendment was made for an entirely different purpose, (2) the substantial body of law running back almost four centuries according a broad remedial effect to the tolling provision of CPLR 205 even though the earlier action which triggers its provision has been dismissed for lack of jurisdiction over the subject matter or over the person, (3) the further broadly remedial provision of CPLR 305 (subd [c]) vesting in the court discretion to allow amendment of a summons, absent prejudice to a substantial right of a party against whom the summons was issued, and (4) the legislative intent to excise such formalism evidenced by adoption of the Civil Practice Law and Rules and epitomized by CPLR 103 (subd [c]) and CPLR 104. Because I agree with this court’s assertion in Caffaro v Trayna (35 NY2d 245, 251) *120 that “If there is here a provable claim, only unfairness to the defendant or inescapable statutory mandate should foreclose assertion of that claim” and because here neither exists, I respectfully dissent.
I
The papers on the cross motion which the Appellate Division ordered denied and the decision of the Special Term Judge establish the following: On October 18, 1978, Ute M. Parker was injured when her husband’s car, which she was operating, was struck by a car owned and operated by defendant, which allegedly failed to stop for a stop sign. On October 17,1981, defendant was personally served with two summonses, one entitled in an action by Ute M. Parker against defendant, the other entitled in an action by Arvin B. Parker, her husband, against defendant. Each summons set forth the name and address of the plaintiff and the name, address and telephone number of the plaintiffs’ attorney, called upon defendant to serve a notice of appearance within 20 days and stated that upon defendant’s failure to do so judgment by default would be taken against him for the relief demanded in the complaint. Neither summons contained on its face or by attachment a statement of the nature of the action and the relief sought as required by CPLR 305 (subd [b]), nor was a complaint served with either summons. Complaints were thereafter forwarded to the attorneys for defendant, but they returned the complaints and moved to dismiss for failure to comply with CPLR 305 (subd [b]). Plaintiffs conceded in their answering papers that the requirements of CPLR 305 (subd [b]) had not been met and, therefore, did not resist the motion to dismiss but cross-moved for a provision in the order of dismissal allowing plaintiffs an additional six months to recommence the action pursuant to CPLR 205 (subd [a]). The papers on the cross motion annexed medical bills totaling $6,259.37 and medical records establishing that Ute Parker’s injuries were serious, and alleged that defendant had pleaded guilty to failure to yield the right of way. On the basis of those papers Special Term found that plaintiffs had established that they had a meritorious cause of action and that Mrs. Parker’s injuries were severe and permanent. Defendant does not contend that those *121 findings were erroneous nor has he suggested that he was prejudiced in defending the action in any way by the absence of notice or the “late” service of the complaint.
Special Term held the failure to serve a notice or complaint with the summons not to be jurisdictional and the extension provision of CPLR 205 (subd [a]), therefore, to be available. It entered an order dismissing the causes of action but providing that “plaintiffs may commence a new action within six months after service of a copy of this Order with notice of entry.” The Appellate Division modified by denying the cross motion, citing its earlier decision in Ciaschi v Town of Enfield (86 AD2d 903).[1] We should reverse and reinstate the Special Term order.
II
The history of chapter 528 of the Laws of 1978 does not sustain the majority’s conclusion. Its amendment of CPLR 305 (subd [b]) to substitute the word “shall” for “may” was enacted on the recommendation of the Judicial Conference (Twenty-Third Ann Report of NY Judicial Conference, 1978, pp 271-277). Referring to an article by Homburger and Laufer (Appearance and Jurisdictional Motions in New York, 14 Buffalo L Rev 374, 393-400) as to the deficiencies and uncertainty surrounding default practice under the CPLR as a result of the permissive language of CPLR 305 (subd [b]), the conflict in the cases concerning whether a plaintiff who served an unaccompanied summons without notice could serve a complaint if defendant did not demand one, and the provision of CPLR 3215 (subd [b]) that a default judgment “shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305,” the conference suggested that the existing difficulties “would be avoided by the mandatory notice provision” {id., p 275). It rejected as a solution the requirement *122 that summons and complaint be served at the same time, noting that emergencies made the use of a summons without a complaint a useful device, that service of a complaint articulating the grievances often embittered the atmosphere and dimmed the hope for settlement, and that “service of a summons without a complaint avoids these undesirable side effects; yet, it evidences the claimant’s determination to press his claim” {id., p 274 [emphasis supplied]). Moreover, although the last paragraph of the recommendation {id., p 277) discussed “whether a deviation from the notice standards prescribed by rule 305(b) as proposed to be amended, would constitute a jurisdictional defect or a mere irregularity”, it is clear from its citation of McDermott v Hoenig (32 AD2d 838) and from the last sentence of the paragraph that its statement that “the complete absence of any notice would certainly constitute a jurisdictional defect” referred to whether such a summons would be “jurisdictionally void for purposes of a default proceeding” (emphasis supplied), not to whether jurisdiction over the person of a defendant served with such process (and thus aware of “the claimant’s determination to press his claim”) had been obtained within the remedial purpose of CPLR 205 (subd [a]).
That service of a bare summons obtains sufficient jurisdiction over the person of the defendant to bring the situation within the remedial purpose of CPLR 205 (subd [a]) is, thus, fully consistent with the legislative history of the 1978 amendment to CPLR 305 (subd [b]). It accords with logic as well. The preamendment cases held that failure to give notice or serve a complaint left the court without jurisdiction to enter a default judgment (Mantell v Servidone Constr. Corp., 61 AD2d 1071; Eckert Co. v Fuller Co., 51 AD2d 844; Arden v Loew’s Hotels, 40 AD2d 894; McDermott v Hoenig, 32 AD2d 838, supra; see Long Mfg. v Ames Supply Co., 47 AD2d 990),.but they held no more than that; in none of them was the action dismissed. And the postamendment cases have recognized that the absence of notice does not make the summons a nullity such that appearance by the defendant will not remedy the defect (Aversano v Town of Brookhaven, 77 AD2d 641; Bal v Court Employment Project, 73 AD2d 69, 71; Schoonmaker v Ford *123 Motor Co., 79 AD2d 1067, affg 99 Misc 2d 1095; Limpert v Garland, 100 Misc 2d 525; Kane v Erny, NYU, June 12, 1979, p 16, col 2; Wagenknecht v Lo Russo, 121 Misc 2d 45). As noted by the First Department in Bal v Court Employment Project (supra, at p 71): “Unlike the cited cases which were concerned only with the propriety of default judgments, we are concerned with the viability of the action. CPLR 305 (subd [b]) was intended as a shield to protect an unwary defendant from default judgment without proper notice, not a sword to trap a tardy or inattentive plaintiff into dismissal. The Legislature could not have intended to replace one sharp practice with another.” There is, thus, neither in the wording of the 1978 amendment nor in its history any indication of a “legislative intent to eliminate the applicability of CPLR 205” (Smith v Rensselaer County, 52 AD2d 384, 387).
Ill
The majority’s conclusion is, further, inconsistent with the spirit and purpose of CPLR 205 (subd [a])[2] and of decisions of this and other courts interpreting that subdivision. It is, moreover, but another manifestation of the obscurity and confusion which enshrouds the concepts of “jurisdiction” and “nullity,” upon which this court has previously had occasion to comment (George v Mt. Sinai Hosp., 47 NY2d 170; Nuernberger v State of New York, 41 NY2d 111; Gaines v City of New York, 215 NY 533).
In Gaines, Judge Cardozo, as he then was, traced the history of the statute that is now CPLR 205 (subd [a]) back to the English Limitation Act of 1623, copied into our laws by chapter 43 of the Laws of 1788, and ultimately into the Code of Procedure. His conclusion from that history as to its purpose and scope is instructive (215 NY, at p 539): “The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the *124 merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts” (emphasis supplied). Because that was done by commencement of an action against the City of New York in the City Court even though that court had no jurisdiction of an action against the city, Gaines, having initiated a “proceeding by service of process, must be held to have commenced an action within the meaning of this statute, though he has mistaken his forum” (id., at p 541). The conclusion that Gaines’ “error ought not to bar the prosecution of his action” (id.) was, he noted, supported by many well considered State and Federal cases holding the Statute of Limitations “suspended though the earlier action was dismissed for lack of jurisdiction either of the subject-matter or of the person” (id. [emphasis supplied]).
Agreement that the broad and liberal purpose of CPLR 205 precludes construing it narrowly will be found in this court’s recent decisions in George v Mt. Sinai Hosp. (47 NY2d 170, supra) and Carrick v Central Gen. Hosp. (51 NY2d 242). In both we held second actions within the statute’s remedial purpose notwithstanding arguments that the first actions were a nullity and tantamount to no suit whatsoever. In George the plaintiff was dead when the first action was brought and defendant argued that, therefore, there was in fact no prior action. We recognized that to the exceptions listed in the subdivision, the courts had created an addition, holding that if the first action was never properly commenced because of a failure to serve the defendant, the statute is inapplicable, but refused to create another exception for the situation in which dismissal of the prior action resulted from its commencement by an improper or nonexistent plaintiff. “Such an action,” we noted, “is no more a ‘nullity’ than are actions which were dismissed for lack of jurisdiction or for nonjoinder, and yet the latter are traditionally deemed to be prior actions for purposes of CPLR 205 (subd [a])” (47 NY2d, at p 177).
Garrick likewise applied the statute to a prior wrongful death action brought by a plaintiff who denominated himself in the caption of her summons as the “proposed admin *125 istratrix,” she not having been issued letters of administration at the time she served the summons in the first action. Though the Appellate Division had held CPLR 205 inapplicable because an action commenced prior to issuance of letters was “tantamount to no suit whatsoever,” we held that “the fact that the prior action was so defective as to be ‘tantamount to no suit whatsoever’ simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, provided, of course, that a prior timely action, however flawed, actually was ‘commenced’ within the meaning of CPLR 304” (51 NY2d, at p 249).
Only in the case of a defect in service have we held the original action wholly void and thus an insufficient predicate for CPLR 205 (subd [a]) extension (Smalley v Hutcheon, 296 NY 68; Erickson v Macy, 236 NY 412; see George v Mt. Sinai Hosp., 47 NY2d, at p 178). In Smalley the prior action arose out of a collision in Illinois between a car driven by defendant’s intestate and a car in which plaintiffs, nonresidents of New York, were riding. Plaintiffs began their Illinois action against decedent’s New York administrator by service upon the Secretary of State of Illinois. Under Illinois law a foreign administrator could not subject himself to the jurisdiction of the Illinois courts even by voluntary appearance; the first action was, therefore, clearly a nullity. In Erickson service in the first action was by publication upon defendant outside the State of New York pursuant to an order for such service issued by a Judge who was without authority to do so and whose order was, therefore, a nullity.
Here there is no contention that the summons was defectively served. Rather the contention is that the paper served, though it was received by defendant and advised him that plaintiffs had a claim against him which they sought to litigate, did not give him information concerning the nature and the relief demanded. To hold, as the majority does, that such service is a nullity and that CPLR 205 (subd [a]) is inapplicable, is inconsistent with both the reasoning of our prior decisions interpreting that section and with its spirit and purpose (see Siegel, 1978 Supplementary Practice Commentaries, McKinney’s Cons Laws *126 of NY, Book 7B, 1983-1984 Cum Ann Pocket Part, CPLR 3012:1, pars 19-23; Siegel, NY Prac, 1981-1982 Pocket Part, § 52; 3 Carmody-Wait 2d, NY Prac, p 678; Ann., 6 ALR3d 1043; cf. McLaughlin, 1982 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Cum Ann Pocket Part, CPLR C305:3).
IV
To hold that service of a bare summons does not commence a prior action within the meaning of CPLR 205 is, moreover, inconsistent with the provisions of CPLR 304 and CPLR 305 (subd [c]). CPLR 304 states that “An action is commenced and jurisdiction acquired by service of a summons” (emphasis supplied). Unless it be reasoned that the paper served on defendant was not a summons because it did not “contain or have attached thereto” the notice required by CPLR 305 (subd [b]), jurisdiction was obtained over defendant by the service made. But to reason that the paper served was not a summons is to ignore the fact that “The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him so that he may take such steps as may seem advisable to protect his interests” (Stuyvesant v Weil, 167 NY 421, 425).[3]
It is also inconsistent with both subdivisions (b) and (c) of CPLR 305. It is inconsistent with subdivision (b) because by providing that “If the complaint is not served with the summons, the summons shall * * * have attached thereto a notice” (emphasis supplied) the Legislature has recognized the existence of a summons separate and apart from the required notice. It is inconsistent with subdivision (c), which reads, in pertinent part: “At any time, in its discretion and upon such terms as it deems just, the court may allow any summons * * * to be amended, if a substantial right of a party against whom the summons issued is not prejudiced,” for the Legislature intended a liberal rather *127 than a restrictive interpretation of that subdivision. Thus, the drafter’s notes on the provision contained in the Second Preliminary Report of the Advisory Committee on Practice and Procedure to the Governor and the Legislature (NY Legis Doc, 1958, No. 13, p 154) state that “Certain defects, actually unsubstantial, have been held to be jurisdictional under present law” and conclude that “This subdivision is designed to eliminate any vestige of a doctrine of strict construction and makes the only test one of ‘prejudice.’ ”
The purpose behind the notice requirement of subdivision (b) having been to permit a plaintiff to obtain a default judgment even though no complaint or notice of the amount demanded had been given (see part II above), it is difficult to fathom how a defendant can be prejudiced by allowing amendment of the summons to set forth notice of the nature of the action and the relief demanded for, as we recognized in Valz v Sheepshead Bay Bungalow Corp. (249 NY 122, 136-137) in permitting a defect in service by publication to be cured by order made after publication had been completed, “[n]o safeguard which the Legislature has chosen to provide for the benefit of * * * defendant is rendered less effective” by doing so,[4] and “We may not ascribe to the Legislature an intent to give undue importance to rigid formality.”[5]
*128 Special Term, it is true, did not exercise the discretion given by subdivision (c). Instead it granted plaintiffs’ cross motion and authorized commencement of a new action pursuant to CPLR 205 (subd [a]). But the absence of any claim of prejudice and the clear indication by the order made that he would have permitted amendment of the summons emphasizes how egregious is the majority’s misconstruction of the CPLR provisions on which it relies.
V
Finally, the majority’s conclusion is inconsistent with the express provisions of the CPLR that matters of form be disregarded and that its directions be liberally construed. CPLR 103 (subd [c]) mandates that “If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution”, CPLR 2101 (subd [f]) requires that “A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given”,[6] and CPLR 104 directs that “The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” CPLR 103 (subd [c]) “was designed to eliminate the last remnants of dismissal for improper form that continued to exist under pre-CPLR practice” (1 Weinstein-Korn-Miller, NY Civ Prac, par 103.08). Furthermore, we have applied the liberal construction direction of CPLR 104 to the service of process, holding that CPLR 311 (subd 1) should not be read in “a narrow and technical manner,” and that, therefore, service on the executive secretary of a corporate officer was proper service upon the corporation, the purpose of the service provision being “to give the corporation notice of the commencement of the suit” (Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271). I do not blink the opening clause of CPLR 103 (subd [c]). Rather, I suggest that service of a summons without notice or complaint is, for the reasons set forth above, sufficient to give the court jurisdiction over the parties, that whether the *129 failure to give notice of the nature of the action and the relief demanded be regarded as a defect in the form of the action or a defect in a paper (which a summons clearly is, see CPLR 2101, subds [a], [c]), plaintiffs’ present action was timely under CPLR 205 and that to hold otherwise is wholly inconsistent with the movement away from formalism which the CPLR embodies.
For the foregoing reasons, the order of the Appellate Division should be modified to reinstate the Supreme Court order granting the cross motion and, as so modified, affirmed.
Chief Judge Cooke and Judges Wachtler and Kaye concur with Judge Jones; Judge Meyer dissents and votes to modify in a separate opinion in which Judge Jasen concurs; Judge Simons taking no part.
Order affirmed, with costs.

. In Ciaschi (86 AD2d 903, 904) the Appellate Division, citing its own earlier decision in Premo v Cornell (71 AD2d 223, 224, on later app 83 AD2d 981, affd 55 NY2d 962), stated that in view of the change made in CPLR 305 (subd [b]) by chapter 528 of the Laws of 1978 “from a permissive to a mandatory notice provision * * * the complete absence of any notice is a jurisdictional defect”. The holding in Premo was, however, that the absence of a monetary amount in a notice served with the summons was a defect correctable pursuant to CPLR 305 (subd [c]). Its statement that the complete absence of notice is a jurisdictional defect was unnecessary to the decision and, as hereafter indicated, is not borne out by the legislative history.

. That subdivision provides, in pertinent part, that: “If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.” Defendant does not suggest that dismissal of the first action was voluntary, or on the merits, or for neglect to prosecute or that the action was not timely when commenced.

. Of course a paper served as a summons could be so deficient that it prejudices a substantial right of a party and, therefore, could not be regarded as a summons within the meaning of the CPLR (cf. CPLR 2101, subd [f|), as where though served upon an individual it fails to name him as a defendant. But rigid formalism should not defeat a claim when “[t]he essential requirement to bring a defendant into court * * * [that he be] properly identified] * * * and givefn] notice of opportunity to defend” has been met (City of Mount Vernon v Best Dev. Co., 268 NY 327, 331).

. It could perhaps be argued on the basis of CPLR 205 that when more than six months has elapsed between the time of service and the application to amend and in the meantime material evidence has become unavailable to defendant, amendment should not be allowed. Nothing in CPLR 305 (subd [c]) so requires, however, amendment being committed to the discretion of the court. In any event, no such problem is here present.

. That the result reached by the majority is not substantive but rigidly formal is readily apparent when one recalls (1) that personal jurisdiction was obtained over defendants by the service of a bare summons for several centuries, until the passage of the 1978 amendment to CPLR 305, (2) that this would not be the first time that the court has read “shall” to be less than absolutely mandatory when harm was done to neither the legislative purpose nor a party by so doing (McKinney’s Cons Laws, Book 1, Statutes, § 177, p 344 [“The use of the word ‘shall’ in a statute is not the final and conclusive test of the intent of the Legislature”]; Riggs v Palmer, 115 NY 506, 509 [“It is a familiar canon of construction that * * * a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers”]), and (3) that the majority’s reasoning would elevate to the level of jurisdictional absolutes the requirements of CPLR 305 (subd [a]) that the summons “shall specify the basis of the venue” and when a consumer credit transaction is involved “shall prominently display at the top of the summons the words ‘consumer credit transaction’ ”, although the specification of venue has not previously been regarded as jurisdictional (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 513) and it cannot seriously be contended that personal jurisdiction should turn on where the words “consumer credit transaction” appear on the summons.

. See, also, CPLR 2001, which directs that “if a substantial right of a party is not prejudiced, [a] mistake, omission, defect or irregularity shall be disregarded.”